416 So.2d 835 (1982)
James HARMON, III, Appellant,
v.
STATE of Florida, Appellee.
Nos. AH-224, 225, 226, and 227.
District Court of Appeal of Florida, First District.
June 18, 1982.
Rehearing Denied July 26, 1982.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
*836 ROBERT P. SMITH, Jr., Chief Judge.
Harmon complains that the six consecutive 100-year sentences imposed by Judge Nimmons for six felonies, each punishable by "imprisonment for a term of years not exceeding life imprisonment," sections 782.04(2), 787.01(2), and 812.13(2)(a), Florida Statutes (1981), exceed the statutory maximum sentence in that the court retained jurisdiction for one-third of each sentence, aggregating 200 years, to review the Parole Commission's parole release order. Sec. 947.16(3). While the effect of the sentence package is that the judge retained power to review and vacate any release order that the Commission may enter during Harmon's lifetime pursuant to objective parole release criteria that are themselves mandated by statute, that, apparently, is precisely what the legislature intended by section 947.16(3) to make possible in these circumstances. The sentence for each offense is "no harsher than if the court had imposed the maximum sentence of life." Alvarez v. State, 358 So.2d 10 (Fla. 1978).
Whether the otherwise lawful consecutive sentences are expressed as for life or for 600 years, Harmon's life is both the practical and the lawful limit to the sentences imposed; only the period for exercising the court's parole review powers, not the maximum period of imprisonment, has been extended by this order. Harmon suggests no convincing reason why the legislature may not thus empower the sentencing court to extend for the period of Harmon's life the period of parole review, nor why the sentencing court may not in this fashion exercise that power.
AFFIRMED.
ERVIN and SHAW, JJ., concur.