438 So.2d 369 (1983)
James HARMON, III, Petitioner,
v.
STATE of Florida, Respondent.
No. 62537.
Supreme Court of Florida.
September 1, 1983.
Rehearing Denied October 27, 1983.
*370 Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for respondent.
BOYD, Justice.
This cause is before us to review a decision of a district court of appeal, Harmon v. State, 416 So.2d 835 (Fla. 1st DCA 1982), which passed upon a question certified to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner James Harmon pled guilty to two counts of second-degree murder, one count of robbery with a firearm, and one count of kidnapping. In addition he was convicted by a jury of one count of robbery with a firearm and one count of kidnapping. In total petitioner was adjudicated guilty of committing six felonies, each "punishable by imprisonment for a term of years not exceeding life imprisonment." §§ 782.04(2), 787.01(2), and 812.13(2)(a), Fla. Stat. (1981). The trial judge imposed six consecutive 100-year sentences, retaining jurisdiction over one-third of each sentence for a total retention period of 200 years.
The district court of appeal affirmed the convictions and sentences. Upon Harmon's motion for rehearing, the district court entered an order denying the motion and certifying as a question of great public importance
the question of whether a sentencing court, authorized to impose for each of six felonies a term of years not exceeding life imprisonment, may impose six consecutive 100-year terms and retain jurisdiction for one-third of each sentence, aggregating 200 years, to review any parole release order of the Parole Commission.
We answer in the affirmative.
Harmon argues that a trial court's retention of jurisdiction over a third of a life sentence violates the constitutional prohibition against indefinite terms of imprisonment contained in article I, section 17, Florida Constitution, which provides:
Excessive fines, cruel or unusual punishment, attainder, forfeiture of estate, indefinite imprisonment, and unreasonable detention of witnesses are forbidden.
He also contends that the trial court's retaining jurisdiction for a period of 200 years imposes a greater penalty than if the court had imposed consecutive life sentences. See State v. Green, 421 So.2d 508 (Fla. 1982). Harmon asserts that he has thus received a greater penalty than the statutory maximum of life imprisonment.
We are not persuaded by either of these arguments. With respect to the first point, the trial court did not retain jurisdiction over one-third of a life sentence, but rather imposed consecutive sentences of definite terms of imprisonment and retained jurisdiction over one-third of that total. Hence there is nothing indefinite about the term of imprisonment over which the trial court retained jurisdiction. The statute providing the trial court's authority to retain jurisdiction is clearly constitutional. Borden v. State, 402 So.2d 1176 (Fla. 1981).
As for petitioner's second point, we have previously held that a person's life expectancy was not intended to be used by the legislature to mark the longest term that person should serve. Alvarez v. State, 358 So.2d 10 (Fla. 1978). Thus a court may *371 impose consecutive terms of definite imprisonment even though each term itself may exceed that particular defendant's life expectancy. The fact that one-third of the combined total of the consecutive terms of imprisonment may exceed a particular defendant's life expectancy does not render the terms in excess of the statutory maximum of life imprisonment. A person who commits several first-degree felonies each punishable by life imprisonment has no ground for complaint about a sentence which may and probably will result in his spending the rest of his life in prison. We therefore approve the decision of the district court of appeal.
It is so ordered.
ALDERMAN, C.J., McDONALD and EHRLICH, JJ., concur.
ADKINS and OVERTON, JJ., dissent.