EHRLICH, Justice.
This case is before us as conflicting directly and expressly with decisions of other district courts of appeal. The district court acknowledged this interdistrict conflict. Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The district court affirmed Watson’s conviction and ninety-nine-year sentence for robbery with a firearm, but it reversed the trial court’s retention of jurisdiction over the first third of that sentence. The court noted that life is the maximum sentence the defendant could receive under section 812.13(2)(a), Florida Statutes (1981). According to section 947.16(3), Florida Statutes (1981), the trial court could retain jurisdiction over one-third of the maximum sentence which the statute authorized. The district court reasoned that the thirty-three years of retained jurisdiction greatly exceeded one-third of a reasonable life expectancy for the defendant and thus was improper.
Some months after this decision issued, this Court addressed the same issue in Harmon v. State, 438 So.2d 369 (Fla.1983), and upheld retention of jurisdiction over the first third of each of six consecutive one-hundred year sentences. We find that Harmon controls and thus disapprove the decision of the district court.
Respondent raises the issue of the sufficiency of the evidence to support the finding that a firearm was used in the commission of the robbery. We approve the district court’s construction and application of the statute to the case before it, for the reasons expressed by that court.
Accordingly, the decision of the district court is approved in part and disapproved in part, and the sentence of the trial court is reinstated in its entirety;
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.