464 So.2d 1319 (1985)
Walter JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. BD-191.
District Court of Appeal of Florida, First District.
March 13, 1985.
*1320 Walter Johnson, pro se.
PER CURIAM.
Appellant appeals an order denying his self-styled "Writ of Error Correction of Sentence" which we will treat as a motion to correct an illegal sentence. Fla.R. Crim.P. 3.800(a). We affirm.
In 1981, appellant was found guilty of three counts of armed robbery. See 427 So.2d 1029. He was given three consecutive 30-year sentences and the trial court retained jurisdiction over one-third of each sentence. Citing Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983), appellant contends that the trial judge erred in holding jurisdiction over one-third of his 90-year sentence. The trial court denied appellant's motion on the grounds that the sentence imposed was legal.
Watson v. State, relied upon by appellant, was modified by the Supreme Court. State v. Watson, 453 So.2d 810 (Fla. 1984). Relying on Harmon v. State, 438 So.2d 369 (Fla. 1983), the Supreme Court held that the trial court could retain jurisdiction over one-third of the defendant's 99-year sentence, even though 33 years may have greatly exceeded one-third of the reasonable life expectancy of the defendant. In Harmon v. State, the Supreme Court held that the trial judge could impose six consecutive 100-year sentences, retaining jurisdiction over one-third of each sentence for a total retention period of 200 years. Pursuant to these authorities, the trial court's order here reviewed was correct.
AFFIRMED.
ERVIN, C.J., and SMITH and NIMMONS, JJ., concur.