COPE, J.
 

 This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, seeking relief on a claim of failure to warn of deportation consequences of a plea. We conclude that defendant-appellant Roberto Sampedro is not entitled to relief under
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006).
 

 According to the postconviction record now before us, the defendant entered a guilty plea to the charge of robbery without a weapon in Miami-Dade County Circuit Court case number 93-1633. Adjudication was withheld and he was placed on probation. The defendant alleges that the trial court failed to provide the defendant with the required warnings regarding possible deportation consequences of the plea.
 
 See
 
 Fla. R.Crim. P. 3.172(c)(8). The defendant alleges that his attorney also failed to inform him of the possible deportation consequences.
 

 According to the State, on April 10, 2003, the United States Department of Homeland Security ordered the defendant to be removed. On February 8, 2008, the defendant moved to vacate his plea to the 1993 robbery case.
 
 *
 
 The trial court denied the motion as being (among other things) untimely. The defendant has appealed.
 

 The defendant argues that the motion was timely because it was filed within the two-year window created by
 
 State v. Green,
 
 944 So.2d at 219. Green’s two-year time period runs from October 26, 2006, to October 25, 2008.
 
 Id.
 

 Our court has held that “Green did not revive ... unadjudicated claims that unquestionably were time-barred at the time Green was announced.... ”
 
 State v. Freijo,
 
 987 So.2d 190, 191 (Fla. 3d DCA 2008). In this case the defendant was ordered to be removed on April 10, 2003. Under
 
 Peart v. State,
 
 756 So.2d 42 (Fla.2000),
 
 receded from in part, State v. Green,
 
 944 So.2d at 217, 219, the two-year time period for bringing a Rule 3.850 motion ran “from when the defendant has or should have knowledge of threat of deportation based on the plea.”
 
 Peart, 756
 
 So.2d at 46. That being so, the defendant’s claim is time-barred. We certify that we have passed on the same question of great public importance that was stated in
 
 Freijo:
 

 WHETHER A DEFENDANT MAY OBTAIN THE BENEFIT OF A NEW TWO-YEAR WINDOW PERIOD UNDER
 
 STATE V. GREEN,
 
 944 So.2d 208 (Fla.2006), IF THE CLAIMANT RECEIVED ACTUAL NOTICE OF A DEPORTATION PROCEEDING MORE THAN TWO YEARS BEFORE THE MOTION TO WITHDRAW PLEA?
 

 Affirmed; question certified.
 

 *
 

 The postconviction record states that the defendant is a citizen of Cuba. It appears that he has not been removed from the United States.