PER CURIAM.
 

 Stanley Lee Johnson appeals a trial court order denying his petition for writ of habeas corpus. The petition was an untimely post-conviction challenge, raised a frivolous issue similar to a prior challenge, and constitutes abuse of the post-conviction process. We find that the petition, and this appeal from its denial, were not brought in good faith and refer appellant for disciplinary procedures.
 

 In 2001, in several circuit court case numbers, Johnson entered negotiated pleas to multiple counts of possession of cocaine with intent to sell and possession of cannabis with intent to sell.
 

 In 2005, he filed a Florida Rule of Criminal Procedure 3.800(a) motion alleging that his sentence was illegal because a chapter law creating minimum mandatory penalties for trafficking in cocaine allegedly violated the single subject rule and was unconstitutional. The motion was denied and affirmed on appeal.
 
 Johnson v. State,
 
 951 So.2d 851 (Fla. 4th DCA 2007).
 

 
 *200
 
 In 2007, Johnson filed this petition which he admits again claims that the drug trafficking statute is unconstitutional. He argues on appeal that the trial court erred in denying his petition without considering whether a manifest injustice results.
 

 The issue Johnson raised in this petition is not identical to the one previously raised but raises a similar constitutional challenge to the drug trafficking statute. The incoherent petition frames the issue as follows:
 

 Whether Chapter 96-388 as amended on July 1, 1996 to section 893.135(b)(1), (a), (b) and (c), Florida Statutes (1996), was unconstitutionally vague, and overbroad to their reenactment as part of the Florida Statutes, in violation of Article I, Section 9 of the Florida Constitution and the 6th and 14th Amendment of the United States Constitution.
 

 In the petition, Johnson does not explain this claim but demands that he be released from prison and that the convictions and sentences be removed from his record.
 

 Johnson was convicted of possession of cocaine with intent to sell,
 
 not
 
 trafficking in cocaine. It is unclear why he argues that a chapter law “reenacting” the cocaine trafficking statute has any effect upon him. He does not specify how the chapter law is allegedly vague and over-broad. The petition contends, however, that “[[legislation is overbroad when it is drafted in a manner that may be applied to conduct protected by the First Amendment.” Johnson has no First Amendment right to possess, sell, or traffic in cocaine.
 

 In response to this court’s order to show cause why sanctions should not be imposed, Johnson contends that his filing is not frivolous because he was not trying to relitigate the identical issue that was previously denied. He also argues that he has filed a fewer number of post-conviction challenges and appeals than those litigants that have been sanctioned in other reported cases.
 

 A claim need not be repetitive to be frivolous or to be an abuse of the post-conviction process. Under section 944.279, a court may sanction any frivolous post-conviction filing and/or appeal regardless of the prisoner’s history of filing. Untimely post-conviction challenges, which do not establish an exception to the two-year time limit, are abusive and sanctionable, and an appeal from the denial of an untimely claim is frivolous when no arguable basis for an exception to the time limitation exists.
 

 In this case, Johnson appears to have taken argument from another petition and copied it into his own document. The arguments do not relate to any conceivable issue in Johnson’s case. The argument appears to have been drafted for filing in a federal court as it refers to the standard of review for a “federal habeas court.” The petition cites to numerous federal cases which have nothing to do with this case. The petition argues that the state court failed to apply controlling federal law but does not identify the federal law allegedly not followed. It appears that Johnson merely appended the stylistic and factual information for his own case to a document prepared in some other case or that Johnson copied irrelevant argument from an unrelated case into his petition. The result is a wholly incoherent argument that states no basis for any relief whatsoever. We cannot condone this filing practice and see no arguable good faith basis for appealing the trial court’s ruling.
 

 This post-conviction challenge was untimely, and a petition for writ of habeas corpus may not be used as a substitute for a rule 3.850 post-conviction motion. Fla. R.Crim. P. 3.850(h);
 
 Baker v. State,
 
 878 So.2d 1236, 1241 (Fla.2004). Johnson’s ar
 
 *201
 
 guraent that the trial court failed to consider a “manifest injustice” exception in this case is entirely devoid of merit.
 

 We ordered Johnson to show cause why he should not be referred to prison officials for disciplinary procedures pursuant to section 944.279(1), Florida Statutes, and/or why he should not be prohibited from further
 
 pro se
 
 filing.
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999). Johnson filed his response. His argument that section 944.279(1) does not apply to this collateral criminal filing is incorrect. The statute was amended in 2004 and applies to frivolous or malicious collateral criminal proceedings filed after September 30, 2004. Ch. 2004-285, § 1, Laws of Fla. Johnson’s 2007 petition and this appeal are frivolous and/or malicious. Johnson failed to provide any explanation or excuse for his grossly incoherent filing or this appeal. We are convinced that this appeal was not filed in good faith.
 

 Accordingly, because Johnson has abused the post-conviction process and filed a frivolous and/or malicious appeal in this court, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures which may include forfeiture of gain time. § 944.28(2)(a), Fla. Stat. (2009). At this time, we opt not to impose the sanction of prohibiting further
 
 pro se
 
 filings.
 

 The circuit court’s denial of the petition is
 

 Affirmed.
 

 POLEN, HAZOURI and CIKLIN, JJ., concur.