ON ORDER TO SHOW CAUSE

PER CURIAM.
We have previously affirmed the circuit court’s summary denial of Wimberly’s motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in Wimberly v. State, 42 So.3d 244 (Fla. 4th DCA 2010). We write here to explain the reasons why we now impose sanctions on Wimberly for his clear abuse of the post-conviction process.
Wimberly entered open no contest pleas in three 2002 prosecutions in which he was charged with sale of cocaine, possession of marijuana, possession of drug paraphernalia, violation of probation, driving while license suspended as an habitual offender, and possession of cocaine. He was sentenced in those cases to a total term of twenty (20) years in prison. Wimberly was allowed a belated appeal and this Court affirmed per curiam in Wimberly v. State, 958 So.2d 943 (Fla. 4th DCA 2007).
Wimberly also launched a campaign of filing motions for post-conviction relief. In his first rule 3.850 motion filed in 2004, Wimberly alleged: (1) ineffective assistance of trial counsel (IAC) for advising him he would receive no greater sentence than three years in prison; (2) IAC for failure to depose state witnesses, move to suppress or discuss trial strategy with him; (3) IAC for failure to move to withdraw plea prior to sentencing; (4) IAC for promising him a “cumulated lesser sentence” in exchange for his pleas; (5) IAC for not discovering and advising him that the prosecution had dropped certain charges; (6) IAC for failure to inform him *787 of his right to withdraw his pleas; (7) illegal sentencing because the judgment of conviction on one count had been vacated prior to sentencing; and (8) failure of the prosecution to disclose favorable evidence prior to trial. The circuit court summarily denied this motion, and Wimberly did not timely appeal. His petition seeking to belatedly appeal this order was denied in our case no. 4D05-1481.
Wimberly next filed his second rule 8.850 motion in 2005, alleging: (1) IAC for failure to challenge counts two and three of the information which charged a co-defendant rather than him; (2) involuntary plea based on counsel’s misrepresentations on the offenses charged and the maximum available punishment for them; (3) involuntary plea based on the advice of counsel that if he did not enter a plea, the judge would be required to impose the maximum sentence on each conviction; (4) IAC for failure to advise that a jury instruction on lesser included offense of conspiracy could have been given in his prosecution if he had proceeded to trial; (5) IAC for failure to move to withdraw the plea to offenses charged against a co-defendant; and (6) IAC for failure to move to suppress or dismiss based on an illegal stop and search. The trial court summarily denied this motion as successive and repetitive of some of the claims in the first motion. Wimberly appealed and this Court affirmed per curiam in Wimberly v. State, 917 So.2d 204 (Fla. 4th DCA 2005).
Next, Wimberly filed his third rule 8.850 motion in 2007, alleging newly discovered evidence and two more claims of IAC. This motion was summarily denied as successive, procedurally barred on the IAC claims, and for legally insufficient claims of newly-discovered evidence. Wimberly appealed and this Court affirmed per curiam in Wimberley v. State, 986 So.2d 617 (Fla. 4th DCA 2008).[1]
Finally, Wimberly filed this fourth rule 3.850 motion in 2009, alleging: (1) manifest injustice due to “erroneous advice of counsel” about sentencing; (2) involuntary plea due to his misunderstanding about the factual basis for the pleas and a substantial assistance agreement; and (3) IAC for failure to challenge the factual bases for the open pleas. The circuit court again summarily denied this motion as successive and procedurally barred, and further directed that a copy of its order be forwarded to the warden at Wimberly’s place of incarceration for consideration of sanctions pursuant to sections 944.279(1), 944.28 and 944.09, Florida Statutes. The circuit court recommended forfeiture of gain time.
In addition to our per curiam affir-mance of that order, this court issued an order to show cause why Wimberly should not be prohibited from filing future pro se appeals and other challenges in this court from his convictions and sentences in this case, as a sanction for his repeated and frivolous motions in the circuit court and appeals to this court from the orders denying them. This was pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). Wim-berly has now filed a response which is largely argumentative and which fails to overcome our conclusion that his appeal was frivolous and abusive. He also appears unaware of Ibarra v. State, 45 So.3d 911 (Fla. 4th DCA 2010), in which this court recognized that a circuit court can refer a defendant to the Department of Corrections for consideration of disciplinary procedures based on a finding that the defendant’s post-conviction motions were frivolous, without any requirement of prior notice or an opportunity to show cause.
While not all of the claims raised in this latest motion were identical to those *788 raised earlier, this is not required for there to be an abuse of the post-conviction process. As this Court said in Johnson v. State, 44 So.3d 198 (Fla. 4th DCA 2010):
A claim need not be repetitive to be frivolous or to be an abuse of the post-conviction process. Under section 944.279, a court may sanction any frivolous post-conviction filing and/or appeal regardless of the prisoner’s history of filing. Untimely post-conviction challenges, which do not establish an exception to the two-year time limit, are abusive and sanctionable, and an appeal from the denial of an untimely claim is frivolous when no arguable basis for an exception to the time limitation exists. [e.s.]
Id. at 200.
Wimberly did not overcome the bar against successive and untimely filing for post-conviction relief in this latest motion. The record as summarized above demonstrates abuse of the post-conviction process. Sanctions are warranted. As we said in Marc v. State, 46 So.3d 1045 (Fla. 4th DCA 2010), the possibility of sanctions should cause prisoners to “stop and think” before filing frivolous collateral challenges of this nature. See also Spencer v. Fla. Dep’t of Corr., 823 So.2d 752, 756 (Fla.2002).
We therefore impose the sanction of prohibiting further pro se filings in this Court by Wimberly arising from the three cases here and direct the clerk of this Court to reject any future attempts by petitioner to file such papers. Rehearing will not be entertained.
STEVENSON, MAY and DAMOORGIAN, JJ., concur.

. Wimberly’s last name appears to have been misspelled in the published decision.