*1070
 

 ON ORDER TO SHOW CAUSE
 

 PER CURIAM.
 

 We previously affirmed the trial court’s summary denial of Carter’s motion for postconviction relief in
 
 Carter v. State,
 
 70 So.3d 598 (Fla. 4th DCA 2011). We write here to explain why we now impose sanctions on Carter for his clear abuse of the post-conviction relief process.
 

 Carter has been before this court many times challenging his sentence and conviction for robbery with a firearm under Palm Beach County case number 1993CF018073AXX. As the State noted in its Request For Issuance Of Show Cause Order As To Why Defendant Should Not Be Prevented From Filing Any Further Post Conviction Motions filed in the trial court, during the course of the last sixteen years since Carter’s conviction and sentence became final, he has filed five motions for postconviction relief, three motions to correct illegal sentence, one petition for writ of habeas corpus, a motion for postconviction/DNA testing, and others. The following is a more detailed list of cases Carter filed in this court.
 

 On August 12,1996, Carter appealed the denial of his motion for post-conviction relief in which he challenged his conviction of robbery with a firearm and his habitual felony offender sentence to life in prison.
 
 Carter v. State,
 
 687 So.2d 1321 (Fla. 4th DCA 1997). On April 29, 1997, Carter appealed the trial court’s denial of his motion to correct an illegal sentence. The denial was affirmed and a mandate issued on September 5, 1997.
 
 Carter v. State,
 
 766 So.2d 1057 (Fla. 4th DCA 1997). On August 19, 1997, Carter appealed the denial of his second motion for post-conviction relief. The denial was affirmed and a mandate issued October 31, 1997.
 
 Carter v. State,
 
 701 So.2d 880 (Fla. 4th DCA 1997). On December 5, 1997, Carter appealed the trial court’s order denying his motion for post-conviction relief after conducting an evidentiary hearing pursuant to this court’s March 31, 1997 mandate. The denial was affirmed and a mandate issued on December 28, 1998.
 
 Carter v. State,
 
 727 So.2d 938 (Fla. 4th DCA 1998).
 

 In 2001, Carter appealed the trial court’s denial of his motion for post-conviction relief alleging the court erred in sentencing him as a habitual offender. This court affirmed the denial and a mandate issued on December 27, 2001.
 
 Carter v. State,
 
 801 So.2d 941 (Fla. 4th DCA 2001). On May 20, 2002, Carter appealed the trial court’s denial of his motion to correct an illegal sentence. The order denying the motion was affirmed and a mandate issued on January 31, 2003.
 
 Carter v. State,
 
 835 So.2d 1143 (Fla. 4th DCA 2002). In 2004, Carter appealed the trial court’s denial of his motion for post-conviction relief/DNA. This order was affirmed and a mandate issued April 2, 2004.
 
 Carter v. State,
 
 869 So.2d 565 (Fla. 4th DCA 2004). In 2006, Carter appealed the denial of his petition for writ of habeas corpus which was affirmed on appeal and mandate issued February 16, 2007.
 
 Carter v. State,
 
 946 So.2d 1076 (Fla. 4th DCA 2006). In 2008, Carter appealed the denial of his motion for post-conviction relief and motion for rehearing. This court affirmed the denial and a mandate issued January 30, 2009.
 
 Carter v. State,
 
 14 So.3d 1015 (Fla. 4th DCA 2008).
 

 Carter’s history of filing untimely and successive motions presents a picture of unceasing abuse of the post-conviction relief process.
 
 McCutcheon v. State,
 
 44 So.3d 156 (Fla. 4th DCA 2010). By order of August 31, 2011, Carter was directed to show cause why he should not be prohibited from filing further
 
 pro se
 
 appeals or petitions in this court arising out of his conviction and sentence for robbery with a firearm in this case. Carter’s response suggests that because the grounds in his most recent filing have not been previously
 
 *1071
 
 raised, he cannot be barred from filing further pro se papers in this court. We disagree, relying upon our holding in
 
 Wimberly v. State,
 
 50 So.3d 785 (Fla. 4th DCA 2010). In
 
 Wimberly,
 
 the court held: “ ‘[a] claim need not be repetitive to be frivolous or to be an abuse of the post-conviction process. Under section 944.279, a court may sanction any frivolous post-conviction filing and/or appeal regardless of the prisoner’s history of filing.’ ”
 
 Id.
 
 at 788 (quoting
 
 Johnson v. State,
 
 44 So.3d 198, 200 (Fla. 4th DCA 2010)).
 

 Upon consideration of Florida Rule of Criminal Procedure 3.850(m) and Carter’s response to this court’s order to show cause, we impose the sanction of prohibiting further
 
 pro se
 
 filings in this Court by Carter arising from his criminal conviction for robbery with a firearm under Palm Beach County case number 1993CF013073AXX, and direct the clerk of this Court to reject any future attempts by appellant to file such papers.
 
 See State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999). Rehearing will not be entertained.
 

 HAZOURI, DAMOORGIAN and CIKLIN, JJ„ concur.