THOMAS, J.
Appellant appeals the trial court’s order dismissing his “Petition for Writ of Habeas Corpus” in which he asserted his convictions of both burglary with battery and sexual battery violated the prohibition against double jeopardy. Appellant contends the court erred by dismissing the petition without conducting an evidentiary hearing. On the merits, we affirm the trial court’s order in its entirety. We write only to address the frivolous nature of this appeal and the grounds for directing that a certified copy of this opinion be forwarded to the appropriate correctional institution, as provided by section 944.279, Florida Statutes, which states: “A prisoner who is found by a court to have brought a frivolous ... claim, proceeding, or appeal in any court of this state ... is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.” § 944.279(1), Fla. Stat. In addition, we direct that Appellant be prohibited from filing any additional pleadings in this court unless signed by a member of the Florida Bar.
We note that this is not Appellant’s first foray into this court on this case. He has filed a total of seven appeals in this matter, three of which concerned the postconviction motions addressed in the trial court’s order. Furthermore, our review of the docket shows that Appellant has also filed twelve appeals with this court addressing his convictions for crimes in another case. In virtually every instance, the appeal was, as here, filed pro se. Appellant’s actions have thus absorbed an inordinate amount of judicial resources with repeated motions and appeals that have in almost every instance proved meritless. Such a waste of limited judicial resources serves no purpose other than to delay resolution of meritorious claims brought by others.
Even disregarding Appellant’s continual abuse of the judicial system, however, we are authorized to sanction an abusive inmate litigant, regardless of his prior judicial history. See, e.g., Johnson v. State, 44 So.3d 198, 200 (Fla. 4th DCA 2010) (holding a claim need not be repetitive to be frivolous or to be an abuse of the postconviction process).
Here, the trial court commendably took the time and effort to write an extensive order explaining the reasons why Appellant’s petition was meritless. One of these reasons was that Appellant had already filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging the same double jeopardy ground upon which his petition was based. That motion was dismissed as untimely, and this court affirmed that order in Hall v. State, 67 So.3d 203 (Fla. 1st DCA 2011).
As the trial court correctly found, Appellant could show no reason why he could not have been aware of any alleged basis for a double jeopardy claim either at the time of his direct appeal of his conviction and sentence, or within the time allowed for filing a postconviction motion pursuant to rule 3.850. The court also *657 explained that Appellant could not simply “select[ ] a new title for his pleadings requesting postconviction relief’ in an effort to evade these time restrictions or the prohibition against successive and untimely motions. “Untimely post-conviction challenges, which do not establish an exception to the two-year time limit, are abusive and sanctionable, and an appeal from the denial of an untimely claim is frivolous when no arguable basis for an exception to the time limitation exists.” Johnson, 44 So.3d at 200.
We also agree with the trial court that “[s]imply construing an alleged error as ‘manifest injustice’ does not relieve [Appellant] of the time bar contained in” rule 3.850. See Johnson, 44 So.3d at 200-01(“This post-conviction challenge was untimely, and a petition for writ of habeas corpus may not be used as a substitute for a rule 3.850 post-conviction motion. [Appellant’s] argument that the trial court failed to consider a “manifest injustice” exception in this case is entirely devoid of merit.”) (citing Fla. R.Crim. P. 3.850(h) and Baker v. State, 878 So.2d 1236, 1241 (Fla.2004)).
Meritless inmate filings like this can result in the litigant’s loss of gain-time. Pursuant to section 944.28(2)(a), Florida Statutes, “[a]ll or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court....”
This penalty is applicable to all of an inmate’s sentences. Section 944.28(2)(b) provides that “[a] prisoners right to earn gain-time during all or any part of the remainder of the sentence or sentences under which he or she is imprisoned may be declared forfeited because of the seriousness of a single instance of misconduct-” (Emphasis added.) Thus, a prisoner who files a frivolous appeal such as the one here runs the risk of impacting his gain-time not just as to the sentence applicable to the case in which the frivolous pleading was filed, but also as to any other sentences he may be serving.
Here, we know from our opinion in Hall v. State, 738 So.2d 374 (Fla. 1st DCA 1999), that just six weeks after committing the heinous crimes addressed in this appeal, Appellant committed additional violent offenses, including two counts of sexual battery. The record reflects that these subsequent charges were addressed in lower court case number 94-3077, and Appellant was sentenced for those charges prior to his sentence in the instant case. The record also shows that Appellant’s sentence in the instant case was to run consecutively to his sentence in case number 94-3077.
In addition to referring this matter to the Department of Corrections, we prohibit Appellant from filing any further pro se pleadings in this court. The trial court put Appellant on notice that if he files any future pro se motions it finds to be frivolous or repetitious, the court may issue an order to show cause why he should not be prohibited from filing any further pro se pleadings. Considering all of the factors in this matter, and after reviewing Appellant’s response to our order to show cause, we do not think such patience is warranted here.
Any pleadings or papers filed in this court regarding said convictions and sentence must be reviewed and signed by an attorney licensed to practice in this state. Accordingly, the clerk is directed not to accept any further pro se pleadings or filings from Appellant in this matter. And because Appellant has abused the postcon-viction process and filed a frivolous appeal in this court, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for *658 disciplinary procedures, which may include forfeiture of gain-time. See § 944.28(2)(a), Fla. Stat. (2009). See Griffin v. State, 962 So.2d 1026, 1027-28 (Fla. 3rd DCA 2007) (prohibiting appellant from filing further pro se pleadings after appellant filed repetitive pleadings making the same argument, and sending a certified copy of the opinion to the Department of Corrections pursuant to section 944.279, Florida Statutes, for consideration of sanctions pursuant to section 944.28, Florida Statutes).
AFFIRMED.
WOLF and LEWIS, JJ., concur.