DAMOORGIAN, C.J.
The State of Florida appeals the trial court’s order vacating Robert Manning’s convictions for false imprisonment and felony battery on the grounds of ineffective assistance of counsel. We reverse.
In 2006, Manning was tried and found guilty by a jury of one count of false imprisonment and one count of felony battery relating to a domestic violence incident. At the time of the trial, Manning had a prior record consisting of a 2004 misdemeanor battery conviction. Manning stipulated to his prior conviction at trial which was the predicate crime for the felony battery count. Manning’s public defender filed a notice of appeal but then filed an Anders[1] motion to withdraw, which we granted while affirming Manning’s judgment and sentence. Manning v. State, 993 So.2d 974 (Fla. 4th DCA 2008) (table). Manning’s conviction became final in December 2008.
In 2009, Manning filed his first Rule 3.850motion for post-conviction relief, which was denied by the trial court. In 2010, Manning appealed the order denying his first Rule 3.850 motion. In 2011, while his first post-conviction appeal was pending, Manning filed in the trial court a pro se “Petition for Emergency Writ of Habe-as Corpus 3.800(a) Illegal Sentence or 3.850(b) Postconviction Motion” (“Petition”). In his Petition, Manning alleged that he was coerced by defense counsel and the court into stipulating to his prior battery conviction at trial under the false pretense that the State would be able to bring out evidence of the conviction no matter what. Manning did not raise this issue in his first Rule 3.850 motion. The trial court stayed the Petition pending our resolution of Manning’s first Rule 3.850 appeal. Manning then filed a writ of mandamus before this Court seeking review of his Petition. After redesignating Manning’s mandamus petition as a petition for writ of habeas corpus, we denied his claim, concluding that Manning’s post-conviction claims of ineffective assistance of counsel were untimely and successive.
Despite our order denying Manning’s claims, the trial court held an evidentiary hearing on Manning’s Petition after which it entered an order granting the Petition and granting Manning a new trial. It is from this order that the State appeals.
The State argues that the trial court erroneously granted Manning’s Petition because it was time barred under Rule 3.850and successive. Manning counters that the motion was not time barred for two reasons: 1) it was also filed under Rule 3.800 which does not have a time limit, and 2) there is an exception to the 3.850time bar when required to prevent manifest injustice and denial of due process.
We begin our analysis by noting that before the trial court held its eviden-tiary hearing on Manning’s Petition, we considered the merits of his ineffective assistance of counsel claims when presented with Manning’s Petition for Writ of Mandamus (“Habeas Petition”). We denied his Habeas Petition concluding that Manning’s claims were filed outside the two-year time limitation and were succes *1085 sive as they could have been raised in his first Rule 3.850 motion. Fla. R. Crim. P. 3.850(b) (noting that a motion for post-conviction relief under Rule 3.850 must be brought within two years of the challenged judgment and sentence unless there is excusable neglect or newly discovered evidence). Accordingly, this Court’s ruling on the Habeas Petition became law of the case with regard to Manning’s underlying claims, and the trial court was without authority to reconsider and grant Manning’s Petition. See Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So.3d 269, 275 (Fla. 1st DCA 2012) (“The doctrine of the law of the case requires that questions of law decided in an appeal must govern the case through all subsequent stages of the proceeding. When an appellate court decides a point of law, that point is no longer open for debate on remand to the trial court and, with limited exceptions, it is no longer open for debate in a subsequent appeal.”) (citations omitted).
Further, even assuming the trial court had the authority to consider Manning’s Petition, it should have denied the claim on the basis that it was time barred. We reject Manning’s attempt to circumvent the time constraints of Rule 3.850 by relying on Rule 3.800. Rule 3.800 is not applicable to the instant case as it solely deals with the correction of illegal sentences and sentencing errors. Manning’s claim was based on ineffective assistance of counsel and erroneous trial court instructions. These bases for relief cannot be argued via Rule 3.800. See Jackson v. State, 983 So.2d 562, 573 (Fla.2008) (emphasizing that the purpose of Rule 3.800 is to allow a defendant to challenge a sentencing error, not to “circumvent rules requiring contemporaneous objections or to substitute for ineffective assistance of counsel claims”).
Likewise, Manning’s argument that the time constraints of Rule 3.850(b) do not apply here because of the nature of the allegations made in his motion are not persuasive. Florida appellate courts have continuously enforced the two-year Rule 3.850 statute of limitations against claims of erroneous court instructions and ineffective assistance of counsel. See, e.g., Conionilli v. State, 58 So.3d 380 (Fla. 2d DCA 2011) (holding that appellant’s claim based on misadvice of counsel was time barred under 3.850); Sampedro v. State, 10 So.3d 1131 (Fla. 3d DCA 2009) (time limitations of 3.850 apply to claims that trial court failed to give proper instructions regarding possibility of deportation). Manning’s case is no different. Hall v. State, 94 So.3d 655, 657 (Fla. 1st DCA 2012) (“[S]imply construing an alleged error as ‘manifest injustice’ does not relieve [an appellant] of the time bar contained in rule 3.850.”) (internal quotations omitted).
Simply put, Manning could not circumvent the time limits of Rule 3.850 by seeking habeas relief. Johnson v. State, 44 So.3d 198, 200 (Fla. 4th DCA 2010). This Court correctly pointed this out when it denied Manning’s Habeas Petition. Accordingly, Manning’s pending Petition in the trial court became moot, and the trial court had no authority to rule on Manning’s claims.

Reversed.

CIKLIN and CONNER, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).