ON IMPOSITION OF SANCTIONS

THOMAS, J.
In 1981, Appellant was sentenced to six consecutive terms of 100 years in the custody of the Department. The trial court entered an order retaining jurisdiction over the first one-third of each of the Defendant’s 100-year sentences pursuant to section 947.16, Florida Statutes, to review the Parole Commission’s parole release order. This court affirmed both the sentence and the court’s order retaining jurisdiction. See Harmon v. State, 416 So.2d 835 (Fla. 1st DCA 1982). In Harmon v. State, 438 So.2d 369 (Fla.1983), the Florida Supreme Court explained that this court, on rehearing, certified the following question as one of great public importance:
whether a sentencing court, authorized to impose for each of six felonies a term of years not exceeding life imprisonment, may impose six consecutive 100-year terms and retain jurisdiction for one-third of each sentence, aggregating 200 years, to review any parole release order of the Parole Commission.
Id. at 370. The court answered the question in the affirmative, holding:
The fact that one-third of the combined total of the consecutive terms of imprisonment may exceed a particular defendant’s life expectancy does not render the terms in excess of the statutory maximum of life imprisonment. A person who commits several first-degree felonies each punishable by life imprisonment has no ground for complaint about a sentence which may and probably will result in his spending the rest of his life in prison. We therefore approve the decision of the district court of appeal.
Id. at 371.
Since that opinion, Appellant has persistently challenged his sentence at the state and federal levels via petitions for habeas corpus and all writs. This includes seven appeals in this court since the time the supreme court affirmed Appellant’s sentence, all to no avail. In this case, he once again filed a habeas petition in the circuit court challenging his sentence and arguing the State has failed to provide a rational basis for the “continuance enforcement” of this court’s opinion in 1982 and the subsequent affirmance by the supreme court. Essentially, Appellant argues that enforcement of the sentence improperly deprives him of proper consideration for parole eligibility.
This court affirmed without opinion the circuit court’s denial of Appellant’s latest petition. See Harmon v. State, 2014 WL 485992 (Fla. 1st DCA Feb. 5, 2014). We also issued an order to show cause why sanctions, including a prohibition against appearing as a litigant in this court unless represented by counsel, should not be imposed against Appellant. In both Appellant’s response to that order and his motion for rehearing filed after this court’s affirmance of the circuit court’s denial of his petition, Appellant continues to challenge the holding in this court’s 1982 opinion and the supreme court’s 1983 opinion, but attempts to avoid this characterization of his argument by insisting that what he is actually seeking is proper consideration for parole eligibility. But in the context of this case and the arguments Appellant has repeatedly put forth since 1982, the two are one and the same.
“A prisoner who is found by a court to have brought a frivolous ... claim, proceeding, or appeal in any court of this *1225 state ... is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.” § 944.279(1), Fla. Stat. In light of Appellant’s vexatious litigiousness, and after considering Appellant’s response to our order to show cause, in addition to referring this matter to the Department of Corrections, we prohibit Appellant from filing any further pro se pleadings in this court. Any pleadings or papers filed in this court regarding Appellant’s conviction and sentence must be reviewed and signed by an attorney licensed to practice in this state.
Accordingly, the clerk is directed not to accept any further pro se pleadings or filings from Appellant in this matter. Because Appellant has abused the postconviction process and filed a frivolous appeal in this court, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures, which may include forfeiture of gain-time. See § 944.28(2)(a), Fla. Stat. (2009); Hall v. State, 94 So.3d 655, 657-58 (Fla. 1st DCA 2012) (prohibiting appellant from filing further pro se pleadings after appellant filed repetitive pleadings making the same argument, and sending a certified copy of the opinion to the Department of Corrections pursuant to § 944.279, Fla. Stat., for consideration of sanctions pursuant to § 944.28, Fla. Stat.).
MARSTILLER and MAKAR, JJ„ concur.