IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LARRY WYNN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5411

**CORRECTED PAGES: pg 2**
**CORRECTION IS UNDERLINED IN RED**
**MAILED: May 3, 2016**
**BY: NMS**

_____/

Opinion filed May 3, 2016.

An appeal from an order of the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

Larry Wynn, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    Larry Wynn appeals from the denial of a postconviction motion raising a claim of newly discovered evidence. We affirm the trial court's order without comment.

    The appellant has failed to obtain relief in at least eight cases he filed in this court to challenge this judgment and sentence. This is his third postconviction challenge based upon the same alleged newly discovered evidence. Accordingly,

we ordered the appellant to show cause why he should not be prohibited from future pro se filings challenging this judgment and sentence. See State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). He failed to file a response, and the request for judicial notice he filed instead does not provide a legal basis to prohibit the imposition of sanctions.

Therefore, because the appellant's repeated attacks on his judgment and sentence have become an abuse of the legal process, we hold that he is barred from future pro se filings in the court concerning Duval County Circuit Court case number 1992-CF-4125. See Harmon v. State, 136 So. 3d 1223, 1225 (Fla. 1st DCA 2014) (imposing sanctions in the appellant's seventh postconviction appeal where the most recent filing involved a frivolous challenge to an opinion that had been approved by the Florida Supreme Court); Hall v. State, 94 So. 3d 655, 657 (Fla. 1st DCA 2012) (imposing sanctions in the appellant's seventh postconviction appeal where the appellant had twice raised the same untimely and meritless claim despite being advised of the barred and meritless nature of his claim in a previous postconviction order); Wimberly v. State, 50 So. 3d 785, 788 (Fla. 4th DCA 2010) (imposing sanctions in connection with the appellant's fourth meritless postconviction motion where the most recent motion raised successive and untimely claims without establishing any exception to the procedural bars). The Clerk of the Court is directed not to accept any future filings concerning this case

2

unless they are filed by a member in good standing of The Florida Bar.

AFFIRMED and SANCTIONS IMPOSED.

LEWIS, THOMAS, and MAKAR, JJ., CONCUR.