B.L. THOMAS, J.
We previously affirmed the summary denial of the appellant’s petition for writ of habeas corpus, which the trial court correctly treated as a postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. We also retained jurisdiction for consideration of the imposition of sanctions.
The appellant has failed to obtain relief in at least three previous postconviction cases he filed in this court challenging this judgment and sentence. All three prior postconviction motions were procedurally barred and meritless, as is the instant motion. Accordingly, we ordered the appellant to show cause why he should not be prohibited from future pro-se filings challenging this judgment and sentence. See State v. Spencer, 751 So.2d 47, 48 (Fla. 1999). The appellant’s response to the show cause order does not provide a legal *612 basis to prohibit the imposition of sanctions.
Therefore, because the appellant’s repeated attacks on his judgment and sentence have become an abuse of the legal process, we hold that he is barred from future pro-se filings in this court concerning Escambia County Circuit Court case number 2004-CF-5067. See Johnson v. State, 44 So.3d 198, 200 (Fla. 4th DCA 2010) (concluding that sanctions are warranted regardless of a pro se defendant’s filing history where he appeals from the denial of frivolous, abusive, or untimely claims). The clerk of this court is hereby directed not to accept any future filings concerning this case unless the pleadings are filed by a member in good standing of The Florida Bar.
SANCTIONS IMPOSED.
RAY and OSTERHAUS, JJ., CONCUR.