# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-911
Lower Tribunal No. 98-1805H

_____

**The State of Florida,**
Appellant,

vs.

**Lorenzo Lorenzo,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellant.

Diaz, Reus & Targ, LLP, and Michael Diaz, Jr., Karel Suarez, and Fausto Sanchez, for appellee.


Before SALTER, LINDSEY, and HENDON, JJ.

HENDON, J.

The State of Florida appeals from a final order granting Defendant Lorenzo Lorenzo's ["Lorenzo"] Motion to Vacate Plea, Judgment and Sentence pursuant to Florida Rule of Criminal Procedure 3.850. We reverse because the motion to vacate filed in 2018 is well past the two-year time limitation established by Green v. State, 944 So. 2d 208 (Fla. 2006).

Lorenzo, a Cuban immigrant, became a resident of the United States in 1992. On August 3, 2000, Lorenzo, through his court appointed counsel, pleaded guilty to one count of Organized Scheme to Defraud and one count of Medicaid Fraud. He accepted a court-offered plea that included withholding adjudication, one year of probation, and restitution. Prior to accepting the plea, Lorenzo's counsel requested that the trial court allow Lorenzo to travel to Cuba to see his mother.  The trial court granted Lorenzo's request. The trial court judge failed, however, to inform Lorenzo of the immigration risks associated with acceptance of a plea by a non-U.S. citizen, as required by Florida Rule of Criminal Procedure 3.172(c)(8). Lorenzo notified his probation officer and traveled to Cuba. Since his plea, Lorenzo traveled to Cuba four more times, each time re-entering the United States without issue. In 2017, as Lorenzo returned from Cuba, U.S. Border Protection agents confiscated his U.S. resident card and Cuban passport at Miami International Airport. He was ordered to appear for Deferred Inspection, learning for the first time that taking the plea subjected him to deportation.

In February 2018, Lorenzo filed a motion to vacate his August 2000 plea as involuntary, arguing that the trial court failed to inform him of any immigration consequences to the plea as a non-citizen. He argued that his Rule 3.850 motion was timely filed under the Florida Rule of Criminal Procedure 3.850(b)(1) exception. The State filed a response and the trial court ordered an evidentiary hearing. The trial court granted Lorenzo's Motion to Vacate, finding that Lorenzo met the Rule 3.850(b)(1) exception. The State appeals.

Rule 3.850(b) creates an exception to the two year time limit for file for post-conviction relief where "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1). This Court addressed a similar issue in <u>Jules v. State</u>, 233 So. 3d 1196 (Fla. 3d DCA 2017). There, the trial court failed to advise Jules of the immigration consequences associated with his plea. Jules asserted that his motion was not time barred because he had taken post-plea international trips and had renewed his residency status, which had not alerted him of any issues regarding the immigration consequences of his plea. This Court disagreed, stating "[w]e need not decide whether Jules in fact knew of the immigration consequences of his plea prior to June 2015 because, even if true, it is

not alone sufficient to warrant relief. Jules must also establish that this information 'could not have been ascertained by the exercise of due diligence.'" Similarly, although Lorenzo had asked the trial court if he could travel to Cuba, Lorenzo only filed his motion for post-conviction relief after learning on October 4, 2017 that he could be deported for the acceptance of his plea agreement in August 2000.

As the case law on plea and deportation consequences has evolved, the current state of this issue is controlled by State v. Green, 944 So. 2d 208 (Fla. 2006). See also Jules v. State, 233 So. 3d 1196 (Fla. 3d DCA 2017). Green holds that,

> [T]he defendant must satisfy the requirement in rule 3.850(b)(1) by alleging and proving that the fact that the plea subjected the defendant to deportation could not have been ascertained during the two-year period with the exercise of due diligence. It will not be enough to allege that the defendant learned of the possibility of deportation only upon the commencement of deportation proceedings after the two-year limitations period has expired. The requirement of due diligence compels the defendant to allege and prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status.

Id. at 218. Furthermore, the Court in Green held that defendants whose cases were already final in 2006 had two years from the date of that opinion to file a 3.850 motion asserting the involuntary plea issue. The holding in Green gave Lorenzo until 2008 to "take affirmative steps" to discover the effect of the plea on

his residency status. Lorenzo did not do this until 2017, when he was detained by immigration officials and at that time learned he was subject to deportation.

Lorenzo argues on appeal that he exercised sufficient due diligence when, at the plea colloquy in 2000, he asked the court if he could travel to Cuba. He asserts that the court's permission to travel satisfied the "affirmative steps" requirement and thus his postconviction motion was timely filed. We cannot, however, establish a lower standard of due diligence based solely on the trial court's authorization to travel, or permit the implication that by so doing the trial court was giving Lorenzo legal advice regarding the consequences of his plea. The <u>Green</u> opinion imposed a new standard with new post-plea obligations, and Lorenzo was required since that opinion was issued in 2006 to not simply wait until he was facing the threat of deportation, but to take affirmative steps to discover the effect of his plea on his residency status. It is no longer acceptable to merely wait and see what happens post-plea. <u>See</u> <u>Jules</u>, 233 So. 2d at 1200. In addition, Lorenzo only asked if he could travel; he did not inquire about how travel or probation would affect his residency status.

The trial court's incomplete plea colloquy notwithstanding, Lorenzo's 2018 motion to vacate his plea is time-barred pursuant to <u>Green</u>. We reverse the order on appeal and remand with instructions to reinstate the plea and sentence.

Reversed and remanded with instructions.