DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**DANE STEPHENSON,**
Appellee.

No. 4D21-332

[June 23, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kal Evans, Judge; L.T. Case Nos. 14-007632-MM-10A and 20-000024-AC-10A.

Harold F. Pryor, State Attorney, and Joanne Lewis, Assistant State Attorney, Fort Lauderdale, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Appellant, State of Florida ("the State"), appeals an order from the county court granting a motion to vacate a plea entered by appellee, Dane Stephenson ("Defendant"). For the reasons discussed below, we reverse.

By way of background, Defendant was charged with misdemeanor possession of cannabis in 2014. At his arraignment, Defendant was given the option by the State to accept a withhold of adjudication and pay court costs or attend a misdemeanor diversion program. Defendant, acting pro se, elected the first option and entered a plea of no contest to the charge. It is undisputed that the court did not conduct a plea colloquy, although it did recite the plea options. The court ultimately accepted Defendant's plea, withheld adjudication, and ordered Defendant to pay court costs.

In 2018, Defendant filed a motion to vacate his plea pursuant to Florida Rule of Criminal Procedure 3.850(b)(2). In his motion, Defendant alleged he was being deported back to Jamaica as a result of the plea and that "he would not have entered a plea, but instead, he would have proceeded to trial or drug court or diversion" had he been advised of his plea's

immigration consequences. Defendant argued that the plea and sentence must be vacated to prevent a manifest injustice because the court's failure to advise him of the deportation consequences made his plea "not knowingly, intelligently and voluntarily entered."

At the hearing on the motion, the State argued the motion was time barred, and that Defendant failed to demonstrate the existence of a manifest injustice. Ultimately, the court found that a manifest injustice had occurred because of the complete absence of a plea colloquy advising Defendant of any of his rights and the consequences of entering his plea.[1] This appeal follows.

The State argues that, pursuant to Florida Rule of Criminal Procedure 3.850(b), Defendant's motion to vacate was untimely and failed to establish one of the exceptions to the two-year time limit. *See* Fla. R. Crim. P. 3.850(b) (noting that no motion "shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final"). For much of the same reasons, the State also argues that Defendant failed to establish a manifest injustice. We agree.

We begin by observing that Defendant's rule 3.850 motion to vacate plea was untimely as it was filed more than two years after the judgment and sentence became final. As such, in order to be entitled to relief, Defendant was required to allege and establish one of the three exceptions to the two-year time limit provided in rule 3.850(b). Those exceptions include:

> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence;
>
> (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity; or
>
> (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.

---

[1] We note that the county court judge who vacated the plea was not the same judge who accepted the plea.

> A claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.

Fla. R. Crim. P. 3.850(b)(1)–(3).

In the present case, although Defendant's motion referenced the exception listed in rule 3.850(b)(2), the motion contained no allegations regarding a fundamental change in constitutional law. Thus, that exception does not apply. Instead, Defendant alleged that he suffered a manifest injustice because of the court's failure to advise him of the deportation consequences of his plea through an adequate plea colloquy. To the extent this qualified as an allegation of newly discovered evidence under rule 3.850(b)(1), we find this exception to the two-year limitation period does not apply here either.

In filing outside the two-year time limitation, a defendant "must allege and prove that he or she could not have ascertained the immigration consequences of the plea with the exercise of due diligence within the two-year period." *State v. Green*, 944 So. 2d 208, 219 (Fla. 2006). "It will not be enough to allege that the defendant learned of the possibility of deportation only upon the commencement of deportation proceedings after the two-year limitations period has expired. The requirement of due diligence compels the defendant to allege and prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status." *Id.* at 218; *accord State v. Lorenzo*, 271 So. 3d 77, 78 (Fla. 3d DCA 2019).

Here, the record reflects Defendant entered his plea in 2014 and filed his motion to vacate plea in 2018. The record further reflects Defendant moved to vacate his plea only after he was detained by immigration authorities at the airport in 2015. In other words, Defendant knew or should have known the immigration consequences of his plea in 2015 and yet he waited until 2018 to file his motion to vacate plea. Under these circumstances, and notwithstanding the complete absence of a meaningful plea colloquy, it cannot be said that Defendant "could not have ascertained the immigration consequences of his plea during the two-year period after his judgment became final with the exercise of due diligence." *Wallace v. State*, 264 So. 3d 389, 392 (Fla. 5th DCA 2019) (citing *Green*, 944 So. 2d at 218); *see also Jules v. State*, 233 So. 3d 1196, 1200 (Fla. 3d DCA 2017) (holding that a motion for postconviction relief was time-barred where defendant "failed to establish that in the exercise of due diligence he could not have ascertained the possible immigration consequences of his plea" within the requisite two-year period).

3

Simply put, Defendant failed to plead or prove any affirmative steps taken by him during the two-year time limitation (in the exercise of due diligence) to discover the effect of his plea on his residency status. Defendant's allegations that he had been living in the United States since 2007, and that it would be a manifest injustice "to exile" him to Jamaica away from his family was insufficient to satisfy the "due diligence" and "affirmative steps" requirements of rule 3.850(b)(1) and *Green.* We hold Defendant has not alleged or provided authority to dispense with rule 3.850's time limitation based on his allegation of manifest injustice for failure to advise of deportation consequences. *See Cuffy v. State*, 190 So. 3d 86, 87 (Fla. 4th DCA 2015) (recognizing that "rule 3.850 contains no 'manifest injustice' exception to the rule's time limitation"); *State v. Manning*, 121 So. 3d 1083, 1085 (Fla. 4th DCA 2013) (rejecting the defendant's argument that the time constraints of rule 3.850(b) did not apply because of the nature of the allegations made in his motion, and reiterating that "Florida appellate courts have continuously enforced the two-year Rule 3.850 statute of limitations against claims of erroneous court instructions"); *Hall v. State*, 94 So. 3d 655, 657 (Fla. 1st DCA 2012) ("[S]imply construing an alleged error as 'manifest injustice' does not relieve [an appellant] of the time bar contained in rule 3.850." (internal quotation marks omitted)).

Finally, we reject the trial court's statement that failure to conduct a plea colloquy equates to no plea. Although the failure to conduct an adequate plea colloquy would be grounds for the court to set aside a plea pursuant to a timely rule 3.850 motion, it does not change the fact that Defendant entered a plea in this case. *See, e.g.*, *State v. Fox*, 659 So. 2d 1324, 1327 (Fla. 3d DCA 1995) (holding that "the fact that the plea colloquy was deficient is not in itself a sufficient basis to permit withdrawal of the plea after sentencing. It is the defendant's burden to establish prejudice or manifest injustice.").

Accordingly, we reverse the court's order granting the motion to vacate plea and remand for the court to reinstate Defendant's conviction and sentence.

*Reversed and remanded.*

KUNTZ and ARTAU, JJ., concur.

*            *            *

**Not final until disposition of timely filed motion for rehearing.**