FLETCHER, Judge.
The former wife, appellant Adrienne Beth Natkow, has appealed the trial court’s order finding to be time-barred her motion pursuant to rule 1.540(b), Florida Rules of Civil Procedure, seeking relief from a judgment of dissolution on a claim that the financial affidavits her husband filed in the dissolution proceedings were fraudulent. We find that the motion is not time-barred and reverse and remand for further proceedings.
Rule 1.540(b) provides for a one-year time limitation for filing for relief from judgments, with the exception “that there shall be no time limit for motions based on fraudulent financial affidavits in marital cases.”[1] This exception came about as an amendment to the rule, effective January 1, 1993. In re Amendments to the Fla. Rules of Civil Procedure, 604 So.2d 1110, 1111 (Fla.1992). As the opinion adopting the amendment specifically established an effective date, retroactivity is precluded. Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla.1995).
*340 The Natkows’ judgment of dissolution was entered on November 16, 1992. At that time rule 1.540(b) provided for a one-year limitation, thus, in the absence of the amendment, the ability of either party to utilize the rule would have terminated in November, 1993. However, when the rule as amended became effective on January 1, 1993, the Natkows’ November, 1993 time limit ceased to exist. Thus, when the 1.540(b) motion was filed on January 17, 1994, no time limit applied under the rule. Indeed, we have previously held that the amended rule applies to all marital cases based on financial affidavits in which the final judgment was entered on or after January 1, 1992. Cerniglia v. Cerniglia, 655 So.2d 172 (Fla. 3d DCA 1995), rev. granted, 662 So.2d 931 (Fla. Oct.19, 1995)[no. 85,856].
Put another way, when the Natkows’ judgment of dissolution was entered in November, 1992, an “alarm clock” was set by rule 1.540(b) to go off in November, 1993. The alarm, had it gone off, would have signaled that neither party could then use the rule. However, the “timekeepers” adoption of the rule change dismantled the alarm clock’s machinery so that there would be no alarm after January 1, 1993. Thus, as the alarm did not exist in November, 1993, and thereafter, it did not and could not ring-in the expiration of the Natkows’ filing time. The January, 1994 filing was thus not barred.
The former husband, Neil Alan Natkow, contends that applying the amended rule to any judgment entered prior to January 1, 1993, is a retroactive application. For this the former husband relies on Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla.1995) in which the Florida Supreme Court declined to apply the rule as amended retroactively to a pre-1993 judgment of dissolution. However, in Mendez-Perez the judgment to which the motion was directed was entered in July, 1990, and the one-year time limit of the pre-amendment rule had terminated in July, 1991, prior to the amendment’s effective date. The application of the rule to the January, 1990 judgment was therefore properly precluded as being retroactive.
This conclusion comports with the treatment generally given statutory amendments where the legislature has increased the period of time to bring suit; i.e., if the cause of action has not already become time-barred by the effective date of the statutory amendment, then the plaintiff has the additional time within which to file suit. Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992); Corbett v. General Eng’g & Mach. Co., 160 Fla. 879, 37 So.2d 161 (1948).
As the application of the amended rule 1.540(b) to the judgment of dissolution herein is prospective, not retroactive, we reverse the order appealed and remand for further proceedings accordingly.
COPE, J., concurs.

. This case is governed by the rules as they existed at the time the case was litigated. Due to the adoption of the new family law rules, which became effective on January 1, 1996, the quoted language has now been deleted from the present rule 1.540(b) and transferred to rule 12.540, Florida Family Law Rules of Procedure. See In re Family Law Rules of Procedure, 663 So.2d 1047 (Fla.1995).