696 So.2d 315 (1997)
Neil Alan NATKOW, Petitioner,
v.
Adrienne Beth NATKOW, Respondent.
No. 88933.
Supreme Court of Florida.
May 1, 1997.
Rehearing Denied June 25, 1997.
*316 Paul Morris of the Law Offices of Paul Morris, P.A., Coral Gables, and Gerald I. Kornreich, Miami, for Petitioner.
Arthur J. Morburger, Miami, and Alvin N. Weinstein of Weinstein, Bavly & Moon, P.A., Miami, for Respondent.
HARDING, Justice.
We have for review Natkow v. Natkow, 677 So.2d 339 (Fla. 3d DCA 1996), which expressly and directly conflicts with this Court's opinions in Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla.1995), and Cerniglia v. Cerniglia, 679 So.2d 1160 (Fla.1996), on the issue of the retroactive application of amended Florida Rule of Civil Procedure 1.540(b). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
A judgment of dissolution of marriage was entered on November 16, 1992, for Adrienne Beth Natkow (wife) and Neil Alan Natkow (husband). At that time, Florida Rule of Civil Procedure 1.540(b) provided a one-year limitation to file motions seeking relief from judgment, including those based on fraud. On January 1, 1993, a new rule became effective which removed the one-year limitation for filing a motion under the rule based on fraudulent financial affidavits in marital cases. See In re Amendments to Fla. Rules of Civil Procedure, 604 So.2d 1110 (Fla.1992). On January 17, 1994, the wife filed a motion for relief under rule 1.540(b), claiming that the husband's financial affidavit filed during the dissolution of marriage proceeding was fraudulent. The husband moved to dismiss the wife's motion as untimely because filed beyond the one-year limit provided by the rule in effect at the time of the final judgment. The general master recommended dismissal, finding that this Court's decision in Mendez-Perez barred retroactive application of the January 1, 1993, amendment. The circuit judge agreed and dismissed the wife's motion as untimely.
On appeal, the Third District Court of Appeal reversed and applied the 1993 amendment to the parties' 1992 judgment. Natkow, 677 So.2d at 339. The district court stated that an "alarm clock" was set by rule 1.540(b) that would have gone off in November 1993, but the "timekeepers'" adoption of the rule change dismantled the alarm clock's machinery so that there would be no alarm after January 1, 1993. Id. at 340. Thus, the district court concluded that the January 1994 filing was not time barred. Id. Writing in dissent, Judge Green stated that this Court had not created any such retroactive "window period" when it amended rule 1.540(b) and that the Court had disposed of Mendez-Perez with a simple "rule in effect" analysis. Id. at 342 (Green, J., dissenting). While Judge Green would have certified the issue as a question to this Court, the panel did not do so. Instead the husband petitioned this Court to accept jurisdiction based upon conflict with Mendez-Perez and Cerniglia on the issue of the retroactive application of the amended rule of procedure.
The question certified to this Court and answered in the negative in Mendez-Perez was whether the amended rule 1.540(b), which was effective January 1, 1993, could be retroactively applied to a final judgment of dissolution of marriage entered July 20, 1990, where the motion for relief from judgment alleged financial affidavit fraud and was filed more than one year after the judgment was entered. 656 So.2d at 458. Thus, Mendez-Perez involved circumstances where the one-year time limit had already expired before the Court promulgated the rule change and before the rule took effect. Cerniglia, which cited Mendez-Perez for the proposition that the rule change was not applicable retroactively, also involved similar circumstances in that the judgment of dissolution was final in July 1990 and the motion for relief from judgment was not filed until 1993. 679 So.2d at 1161-62.
In contrast, final judgment in the instant case was entered after the rule was promulgated and the one-year time period had not run when the rule amendment took effect on January 1, 1993. Thus, the issue presented here is whether the rule amendment abolishing the one-year time limit for motions for relief from judgment based upon financial affidavit fraud applies in those cases where the final judgment was entered before the effective date of the rule amendment, but *317 where the one-year time limit had not run at the time that the amendment took effect.
In Mendez-Perez, this Court concluded that "[u]nder the rule in effect when Mendez-Perez's divorce was final, she had one year to bring a motion under rule 1.540(b)." 656 So.2d at 460. In her dissenting opinion below, Judge Green characterized this Court's disposition of Mendez-Perez as a "simple `rule in effect' analysis." Natkow, 677 So.2d at 342 (Green, J., dissenting). The husband's argument is essentially the same: If you apply a "rule in effect at time divorce was final" analysis to the instant case, then the wife had one year from the November 16, 1992, final judgment to file her motion for relief from judgment based on fraud and her January 1994 motion was untimely.
This Court has held that rules of procedure are prospective unless specifically provided otherwise. Mendez-Perez, 656 So.2d at 460; Pearlstein v. King, 610 So.2d 445, 446 (Fla.1992). Moreover, in previous opinions amending the rules of procedure we have included language creating such a retroactive window period. See, e.g., In re Amendments to Fla. Rules of Civil Procedure, 131 So.2d 475, 476 (Fla.1961) (stating that rule amendments "shall be applicable to all cases then pending as well as those instituted thereafter").
While the Court is not unsympathetic to the wife's arguments here, we find the language in the opinion amending rule 1.540(b) and in Mendez-Perez to be dispositive. The amendment to rule 1.540(b) became effective on January 1, 1993, and was not intended to be applied retroactively. In re Amendments, 604 So.2d at 1111; Mendez-Perez, 656 So.2d at 460. The rule in effect at the time that a judgment of dissolution becomes final is controlling. Mendez-Perez, 656 So.2d at 460. Thus, the wife had one year from the date the judgment of dissolution of marriage was final to bring a motion under rule 1.540(b) based on fraud. Her motion was beyond that one-year limitation period and the trial court properly dismissed her motion as untimely.
Accordingly, we quash the district court's decision and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.