939 So.2d 167 (2006)
DARRELL BAKER, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D06-1821.
District Court of Appeal of Florida, First District.
Opinion filed October 3, 2006.
Darrell Baker, pro se, Appellant.
Charlie Crist, Attorney General, and Elizabeth F. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Darrell Baker appeals an order of the circuit court denying his petition for writ of habeas corpus, which we affirm. Baker was convicted in 1996 of armed robbery, aggravated assault, and armed kidnapping. This court affirmed his direct appeal, and mandate issued December 9, 1997. Baker filed a petition for writ of habeas corpus on March 9, 2006, alleging that in Count 13 of the information, the state failed to allege an essential element of armed robbery, because it charged him with taking money or other property from the victim by force, violence, assault, or putting in fear, but it failed to allege that he possessed the intent to either permanently or temporarily deprive the victim of such money or property. The trial court held a hearing and denied the petition.
This court has rejected the identical issue now before it in three prior appeals filed by Baker. In case 1D03-241, we affirmed an order denying his September 2002 petition for writ of habeas corpus in which he raised this issue. Baker v. State, 861 So. 2d 25 (Fla. 1st DCA 2003). In case 1D04-3316, we affirmed Baker's appeal of an order summarily denying both a 3.850 motion filed December 12, 2003, and a petition for writ of habeas corpus filed December 10, 2003, each raising the same issue. Baker v. State, 888 So. 2d 21 (Fla. 1st DCA 2004). Finally, in case 05-347, we denied on the merits an original petition for writ of habeas corpus filed January 16, 2005, raising the issue. Baker v. State, 898 So. 2d 939 (Fla. 1st DCA 2005).
In response to our order directing Baker to show cause, pursuant to State v. Spencer, 751 So. 2d 47 (Fla. 1999), why he should not be barred from further challenging his conviction unless he were represented by counsel, Baker filed a motion seeking to voluntarily dismiss his appeal, and a request asking us not to prohibit him from filing any "future non-successive issue[s] with merit."
We conclude from our review that Baker's repetitive attacks on his conviction are an abuse of the legal process that has had and will have an adverse effect upon this court's limited resources if the attacks are allowed to continue. Accordingly, we prohibit Baker from filing any further pro se pleadings in this court challenging his conviction in Duval County Circuit Court Case Number 16-1995-CF-1818, regardless of the remedy sought or theory raised, unless he is represented in such proceeding by a member in good standing of The Florida Bar. We further direct the clerk of this court not to accept any additional pro se filings in this case from Baker.
AFFIRMED.
ERVIN, WEBSTER, and HAWKES, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.