PER CURIAM.
Andreas Obojes appeals an order of the circuit court denying his petition for writ of habeas corpus, which we affirm. Obojes was convicted in 1990 of three counts of armed sexual battery, a life felony, and was given three concurrent departure sentences of 40 years in prison on September 22, 1990. See State v. Obojes, 604 So.2d 474 (Fla.1992). He has filed numerous motions to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), contending that under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a jury was required to find the facts of “premeditation” and “professional manner” used to justify his departure sentence, which he believed exceeded the statutory maximum. The circuit court has denied each motion on the merits, and this court has affirmed each order on appeal in cases 1D00-4653, Reeves-Obojes v. State, 789 So.2d 992 (Fla. 1st DCA 2001); 1D01-3768, Reeves v. State, 810 So.2d 926 (Fla. 1st DCA 2002); 1D02-4144, Obojes v. State, 837 So.2d 970 (Fla. 1st DCA 2003); and 1D05-1868, Obojes v. State, 911 So.2d 104 (Fla. 1st DCA 2005).
We directed Obojes to show cause, pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), why he should not be barred from further challenging his conviction unless he were represented by counsel, and in his response, Obojes agreed to allow this court to appoint an attorney for him to argue this issue, and then proceeded to reiterate the Apprendi/Blakely argument. He did not provide this court with a reason to permit him to continue raising this issue.
We conclude from our review that Obo-jes’s repetitive challenges to his sentence are an abuse of the legal process that has had and will have an adverse effect upon this court’s limited resources if we were to allow additional challenges. Accordingly, we prohibit Obojes from filing any further pro se pleadings in this court challenging his conviction in Duval County Circuit Court Case Number 16-1989-CF-6576, regardless of the remedy sought or theory raised, unless he is represented by a member in good standing of The Florida Bar. We further direct the clerk of this court not to accept any additional pro se filings in this case from Obojes.
AFFIRMED.
ERVIN, DAVIS, and BENTON, JJ., concur.