PER CURIAM.
 

 Appellant was convicted of robbery under section 812.13, Florida Statutes (1997), and sentenced to thirty years’ imprisonment as a habitual violent felony offender. His judgment of conviction and sentence were affirmed by this court in
 
 Brown v. State,
 
 740 So.2d 530 (Fla. 1st DCA 1999) (table). Since then, appellant has filed in this Court twelve separate appeals, including the instant one and another that is currently pending in case number 1D08-1453, of the lower court’s orders denying his various postconviction motions and petitions challenging the above robbery conviction. As regards the appeals in case numbers 1D00-2691; 1D00-3090; 1D02-0886; 1D02-2081; 1D03-4084; 1D04-0831; 1D05-1769; 1D05-5253; 1D07-1215; and 1D08-2221, all have been affirmed without opinion by this Court, with the exception of one that was dismissed as being premature.
 

 The instant appeal stems from the trial court’s denial of appellant’s “Motion To
 
 *1198
 
 Dismiss” his conviction and sentence on the basis that the original information charging him with robbery failed to invoke the trial court’s subject matter jurisdiction because section 812.13, Florida Statutes (1997), was unconstitutional for failing to include the enacting clause language set forth in Article III, section 6, of the Florida Constitution. We affirm the denial of appellant’s motion because his argument, which is also raised in Case 1D08-1453, is without merit. Once the laws passed by the legislature are codified for publication in the Florida Statutes, the requirements and restrictions of Article III, section 6, of the Florida Constitution, do not apply.
 
 See Santos v. State,
 
 380 So.2d 1284, 1285 (Fla.1980). Thus, section 812.13, Florida Statutes (1997), is not unconstitutional due to the absence of the “enacting clause” language.
 

 However, this does not end the matter before us. The state has filed a motion requesting this Court to prohibit appellant from filing any future pro se documents in this Court stemming from this or any other case on the basis that appellant’s persistence in filing meritless appeals has amounted to an “ ‘egregious abuse of the judicial process.’”
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999) (quoting from and approving
 
 Spencer v. State,
 
 717 So.2d 95 (Fla. 1st DCA 1998)). We have considered the state’s motion, as well as appellant’s response thereto, and have concluded that appellant’s repetitive attacks on his conviction and sentence have indeed amounted to an abuse of the legal process “and will have an adverse effect upon this Court’s limited resources” if allowed to continue.
 
 Baker v. State,
 
 939 So.2d 167, 168 (Fla. 1st DCA 2006);
 
 accord Birge v. State,
 
 620 So.2d 234 (Fla. 1st DCA 1993). Thus, we grant the state’s motion in part, and prohibit appellant from filing any further pleadings in this Court challenging his conviction in Duval County Circuit Court Case Number 16-1998-CF-5373, “regardless of the remedy sought or theory raised, unless he is represented in such proceeding by a member in good standing of The Florida Bar.”
 
 Baker,
 
 939 So.2d at 168. The Clerk of this Court, accordingly, is directed not to accept any additional pro se filings in this case filed by appellant.
 

 AFFIRMED.
 

 WEBSTER, BENTON and ROBERTS, JJ., concur.