PER CURIAM.
The appellant challenges the denial of a motion to correct illegal sentence. For the reasons discussed below, we reverse.
The appellant was sentenced to five years’ imprisonment on count one as both a PRR and an HVFO. A trial court cannot impose equal concurrent PRR and HVFO sentences. See Grant v. State, 770 So.2d 655 (Fla.2000); Hankins v. State, 886 So.2d 1026 (Fla. 2d DCA 2004) (“Under the holding in Grant, [the defendant] can receive both enhancements to his sentence so long as the habitual offender designation is longer than, not equal to or shorter than, the term required as a prison releasee reoffender”). The proper remedy is for the trial court to strike the HVFO designation for count one. Hankins, 886 So.2d at 1026; Rule v. State, 997 So.2d 1274 (Fla. 2d DCA 2009).
REVERSED AND REMANDED.
WOLF, DAVIS, and WETHERELL, JJ., concur.