ORDER IMPOSING SANCTIONS

PER CURIAM.
Robert Lee Hinson, Jr., filed a petition for writ of prohibition with this court presenting the argument that the criminal statute under which he was evidently convicted was invalid because it failed to contain an enacting clause. This claim is clearly frivolous. See McCutcheon v. State, 44 So.3d 156 (Fla. 4th DCA 2010); Brown v. State, 10 So.3d 1197 (Fla. 1st DCA 2009). More significantly, however, this is but the latest of many attempts by Hinson to secure relief based on clearly meritless legal theories. Following a review of the court’s records of Hinson’s prior filings, we issued the following order:
The records of this court reflect that Robert Lee Hinson, Jr., has appeared as appellant or petitioner in this court 58 times since 1995. Approximately one half of those cases involved pro se petitions seeking extraordinary writ relief, none of which have resulted in the granting of any substantive relief, and the bulk of which presented claims that were procedurally barred or clearly meritless. The court thus finds that Hinson’s pro se litigation has substantially interfered with the effective and efficient administration of justice by the court. Accordingly, Robert Lee Hinson, Jr., shall show cause within 10 days of the date' of this order why sanctions, including a prohibition against appearing as a litigant in this court unless represented by counsel, should hot be imposed against him. See Fla. R.App. P. 9.410.
Having considered Hinson’s response, we conclude that he has failed to establish good cause to avoid the imposition of a sanction we deem necessary to prevent his continued abuse of the judicial process. Accordingly, Robert Lee Hinson, Jr., is hereby prohibited from appearing as a- litigant in any proceeding before this court unless represented by counsel. In any pending cases, petitioner shall secure the appearance of counsel on his behalf within 30 days, failing which such proceeding shall be subject to dismissal without further opportunity to be heard. The clerk of this court is directed to accept no further pro se filings from Hinson. If received, they shall be returned to him without filing and with a reference to this order.
IT IS SO ORDERED.
KAHN, VAN NORTWICK, and THOMAS, JJ., concur.