PER CURIAM.
 

 The petition for writ of habeas corpus is dismissed.
 
 See Baker v. State,
 
 878 So.2d 1236 (Fla.2004).
 

 Because this petition for writ of habeas corpus was the 13th original writ filed in this court since 2005 to challenge his conviction, petitioner was directed to show cause why sanctions should not be imposed against him, including a prohibition against any future appeals or petitions challenging the judgment and sentence, unless petitioner is represented by an attorney in good standing with The Florida Bar. See
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999). Petitioner has failed to file a response.
 

 As such, because it is apparent that petitioner’s continued and repeated attacks on his conviction and sentence have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Levy County Circuit Court Case number 38-2005-CF-00252. The Clerk of the Court is directed not to accept any future filings concerning this case unless they are signed by a member in good standing of The Florida Bar.
 

 Petitioner is warned that any filings which violate the'terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes (2010) (providing that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal is subject to disciplinary procedures pursuant to the rules of the Department of Corrections). Fla. R.App. P. 9.410.
 

 BENTON, C.J., KAHN and WETHERELL, JJ., concur.