PER CURIAM.
This petition to invoke all writs jurisdiction challenges a 2002 judgment and sentence. We dismiss the petition for lack of jurisdiction and elect to impose sanctions against petitioner.
Article V, section 4(b)(3) of the Florida Constitution authorizes district courts of appeal to issue “other writs necessary to the complete exercise of its jurisdiction.” This “all writs” provision does not, however, constitute a separate source of original or appellate jurisdiction. Rather, it operates as an aid to the court in exercising its “ultimate jurisdiction,” conferred elsewhere in the constitution. These “constitutional writs” are ancillary in that they are used to preserve the power of the court to fully and effectively decide cases that have been, or will be, presented on independent jurisdictional grounds. As the Florida Supreme Court stated in Florida Senate v. Graham, 412 So.2d 360, 361 (Fla.1982), “we have the jurisdiction conferred by [the Constitution], to issue all writs necessary to the complete exercise and in aid of the ultimate jurisdiction imposed [elsewhere in the constitution”]. See also St. Paul Title Ins. Co. v. Davis, 392 So.2d 1304, 1305 (Fla.1980) (“The all writs provision ... does not confer added appellate jurisdiction on this Court, and this Court’s all writs power cannot be used as an independent basis of jurisdiction .... ”).
Petitioner has unsuccessfully sought relief in five other cases which challenged his 2002 judgment and sentence. Due to petitioner’s apparent abuse of the legal process by his repeated pro se filings attacking his conviction and sentence, this court directed petitioner to show cause why he should not be prohibited from future pro se filings. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (requiring that courts “first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence.”). Petitioner’s response to the show cause order does not provide a legal basis to prohibit the imposition of sanctions.
The petition to invoke all writs jurisdiction is dismissed for lack of jurisdiction because the petitioner has failed to cite an independent basis that would allow this court to exercise its all writs authority and no such basis is apparent on the face of the petition. See Williams v. State, 913 So.2d 541, 543-44 (Fla.2005). In addition, *670 because petitioner’s continued and repeated attacks on his conviction and sentences have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Escambia County Circuit Court case number 2001-CF-005203. The Clerk of the Court is directed not to accept any future filings concerning this case unless they are filed by a member in good standing of The Florida Bar. Petitioner is warned that any filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes. See Fla. R.App. P. 9.410.
PETITION DISMISSED; SANCTIONS IMPOSED.
WOLF, LEWIS, and THOMAS, JJ., concur.