ORDER BARRING FUTURE PRO SE FILINGS BY INMATE
PER CURIAM.
In January 2012, Appellant filed a petition for writ of coram nobis challenging his convictions in several 1980 cases that are allegedly being used to extend his parole date in another case in which he is serving a 90-year sentence. The trial court properly treated the petition as a rule 3.850 motion and, then, dismissed it as untimely. The trial court alternatively found Appellant’s claim to be without merit and attached to its order the records conclusively *1191 refuting the claim. Appellant timely appealed to this court.
We per curiam affirmed the trial court’s order on June 21, 2012. On that same date, we issued an order stating:
This court’s records reflect that, in addition to this case, Appellant has filed at least 16 petitions and appeals in this court related to his 1980 criminal cases (Escambia County Case Nos. 80-3901, 80-3957, 80-4039, and 80-4056): AY-188, 1D92-4120, 1D93-2491, 1D95-581, 1D95-2272, 1D98-3690, 1D99-1171, 1D99-3230, 1D00-3647, 1D00-4115, 1D00-4151, 1D01-2512, 1D02-2053, 1D03^545, 1D06-6624, and 1D08-853. Appellant has not obtained any relief in these cases, and his current appeal is frivolous.
Accordingly, pursuant to rule 9.410(a) and State v. Spencer, 751 So.2d 47 (Fla.1999), Appellant shall show cause within 21 days of the date of this order why sanctions should not be imposed on him, including a prohibition on further pro se filings in this court related to his 1980 cases and a referral of this matter to the Department of Corrections for disciplinary action under section 944.279, Florida Statutes.
Appellant is advised that the failure to comply with the terms of this order within the time allowed may result in the imposition of sanctions without further opportunity to be heard. See Fla. R.App. P. 9.410.
Appellant filed a response to the order. Other than pointing out that this court reversed the summary denial of his post-conviction motions and remanded for further proceedings in two of the cases listed in the order (the most recent of which was 12 years ago),* the response fails to show cause why Appellant should not be sanctioned. Having carefully considered the response, we conclude that sanctions against Appellant are warranted based on his continued abuse of the appellate process through his repetitive and frivolous pro se filings related to his 30-year-old convictions. Accordingly, we direct the Clerk of this court not to accept any future filings from Appellant, Oliver Thames (Inmate No. 203377), related to Escambia County Case Nos. 80-3901, 80-3957, 80-4039, and 80-4056, unless signed by a member in good standing of The Florida Bar. We also direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for potential disciplinary action under section 944.279, Florida Statutes.
IT IS SO ORDERED.
THOMAS, WETHERELL, and MARSTILLER, JJ., concur.

 Thames v. State, 769 So.2d 448 (Fla. 1st DCA 2000) (Case No. 1D99-1171), disapproved by Wright v. State, 911 So.2d 81 (Fla.2005); Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984) (Case No. AY-188).