WETHERELL, J.,
concurring.
I agree that we should affirm the summary denial of Appellant’s untimely, successive motion for postconviction relief. However, I would also sanction Appellant for this frivolous appeal and issue a Spencer[1] order as a precursor to barring further pro se filings from Appellant related to his convictions and sentences in Washington County case number 04-143CF.
Appellant was convicted after a jury trial of four offenses, including aggravated assault and aggravated battery. He was sentenced as a habitual violent felony offender (HVFO) and a prison release reof-fender (PRR) to a total of 25 years in prison. His direct appeal was per curiam affirmed by this court in Ferris v. State, 980 So.2d 623 (Fla. 1st DCA 2006) (table), and the mandate issued on June 19, 2006.
Since then, Appellant has filed 11 appeals and petitions in this court related to his 2004 criminal case.[2] The only relief Appellant obtained as a result of these cases was the removal of the HVFO designation on the aggravated assault count because the trial court had improperly imposed equal concurrent HVFO and PRR sentences on that count.[3] See Ferris v. State, 46 So.3d 624 (Fla. 1st DCA 2010) (Case No. 1D10-2946). That, however, was only a nominal victory because the overall length of Appellant’s sentence was unchanged and he is still required to serve his sentence day-for-day as a PRR.
In his latest posteonviction motion, filed in November 2011, Appellant raised four claims: 1) the trial court lacked subject matter jurisdiction because the assistant state attorney who filed the information had not taken the required oath; 2) the trial court lacked subject matter jurisdiction because the trial judge had not taken the required oath; 3) a manifest injustice occurred based on an erroneous jury instruction; and 4) his trial counsel was ineffective for failing to advise him that he needed to testify at trial in support of his self defense claim. The trial court did not address the obvious lack of merit in these claims because it properly denied the motion as successive and untimely.
The trial court’s comprehensive eight-page order denying the motion recounted Appellant’s extensive history of unsuccessful collateral attacks on his judgment and sentence, specifically noting that the first two claims were the subject of prior motions that were denied by the trial court and per curiam affirmed by this court. The order also explained in detail, with citations to controlling decisions of this court, why the resentencing pursuant to the mandate in Case No. 1D10-2946 did not restart the two-year clock for filing a motion for postconviction relief. That, however, did not deter Appellant from filing this frivolous appeal.
Appellant’s brief did not address the controlling authority cited by the trial court, nor did it present a colorable argu *144 ment why the motion was not untimely or successive. This alone justifies the imposition of sanctions. See Johnson v. State, 44 So.3d 198, 200 (Fla. 4th DCA 2010) (“Untimely post-conviction challenges, which do not establish an exception to the two-year time limit, are abusive and sanctionable, and an appeal from the denial of an untimely claim is frivolous when no arguable basis for an exception to the time limitation exists.”).
The trial court has sanctioned Appellant for his continued frivolous postconviction filings, and I think the time has come for this court to do the same. I recognize that all litigants, including pro se inmates such as Appellant, have a constitutional right of access to the courts; however, that right is not absolute and it is well settled that courts have the inherent authority to sanction litigants for frivolous appeals and repetitive filings that interfere with the administration of justice. See Spencer, 751 So.2d at 47. Courts also have the authority to refer inmates who file frivolous appeals to the Department of Corrections (DOC) for appropriate disciplinary action, including the loss of gain time. See §§ 944.279(1), 944.28(2)(a), Fla. Stat.; see also Ibarra v. State, 45 So.3d 911 (Fla. 4th DCA 2010) (explaining that a Spencer order is not required to refer an inmate to DOC for disciplinary action under sections 944.279 and 944.28).
Although it might be premature to bar further pro se filings from Appellant,[4] we should, at a minimum, warn Appellant that he is getting close to having that sanction imposed. We also can, and should, refer this matter to DOC for disciplinary action under sections 944.279 and 944.28, Florida Statutes. See Johnson, 44 So.3d at 200 (noting that a claim need not be repetitive to be frivolous and stating that a court may sanction a prisoner under section 944.279 regardless of the prisoner’s history of filing); accord Hall v. State, 94 So.3d 655 (Fla. 1st DCA 2012).
The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences, and there comes a point in every criminal case that the defendant needs to accept the finality of his judgment and sentence and just do his time. Likewise, there comes a point after which a defendant’s use of the appellate process to continue to litigate postconviction claims becomes an abuse of the process. There is no set standard to determine when that line is crossed, but it appears to me that Appellant is coming close to crossing the line if he has not already done so. At this point, more than six years after Appellant’s judgment and sentence became final, every minute this court wastes on Appellant’s frivolous appeals is time that could have been spent on the cases of other *145 litigants. See Hall, 94 So.3d at 656 (noting that frivolous postconviction appeals “absorb[] an inordinate amount of judicial resources” and that this “serves no purpose other than to delay resolution of meritorious claims brought by others”). In this court, which receives nearly 7,000 cases per year, every minute is precious and, thus, we should not hesitate to bar further pro se filings from litigants such as Appellant who persist in raising frivolous claims.
Not only do Appellant’s frivolous appeals and petitions waste this court’s time, they also waste the state’s limited resources. The record on appeal prepared by the trial court in this case contains more than 330 pages. Although the record was transmitted to this court electronically, it exists somewhere in paper form. Because Appellant is indigent, the taxpayers of this state absorbed the costs associated with the preparation of the record, including the time spent by the lower court clerk in compiling the record and the cost of the paper on which it is printed, and the taxpayers also absorbed the costs associated with Appellant printing and mailing his brief and other documents to this court and counsel for the State.
I see no reason to waste any more of this court’s time or the state’s resources on Appellant’s frivolous postconviction appeals and petitions. Accordingly, in my view, we should take this opportunity to sanction Appellant for his abuse of the postconviction process by prohibiting him from filing further pro se appeals and petitions in this court related to his 2004 case. By not doing so in this appeal, we will undoubtedly receive additional frivolous filings from Appellant, and because DOC’s website reflects that Appellant is not scheduled to be released from prison until 2027, we can expect these filings to continue for many years to come.

. State v. Spencer, 751 So.2d 47 (Fla.1999).

. See 1D07-1280, 1D08-437, 1D08-5991, 1D09-4231, 1D10-2110, 1D10-2946, 1D10-3773, ID 11-390, 1D11-2116, 1D12-725, and 1D12-1581.

. I recognize that in Ferris v. State, 996 So.2d 228 (Fla. 1st DCA 2008) (Case No. 1D08-437), we reversed the summaiy denial of one of the five claims in Appellant's original post-conviction motion and remanded with directions that Appellant be given an opportunity to amend the claim. However, on remand, the trial court summarily denied the amended claim in an order that was per curiam affirmed by this court in Ferris v. State, 38 So.3d 773 (Fla. 1st DCA 2010) (table).

. I say "might” because this court has barred further pro se filings from prisoners who had fewer cases than Appellant. See, e.g., Williams v. State, 102 So.3d 669 (Fla. 1st DCA 2012) (five cases); Neal v. State, 65 So.3d 66 (Fla. 1st DCA 2011) (six cases); Cash v. State, 50 So.3d 792 (Fla. 1st DCA 2010) (nine cases); Obojes v. State, 946 So.2d 602 (Fla. 1st DCA 2006) (five cases); Baker v. State, 939 So.2d 167 (Fla. 1st DCA 2006) (four cases). However, this court has also tolerated more cases than Appellant has filed before prohibiting further pro se filings. See, e.g., Thames v. State, 93 So.3d 1190, 2012 WL 3194117 (Fla. 1st DCA Aug.8, 2012) (at least 16 cases); Cooper v. State, 89 So.3d 979 (Fla. 1st DCA 2012) (13 cases related to one conviction and at least 13 related to another); Richardson v. State, 70 So.3d 609 (Fla. 1st DCA 2011) (13 cases); Butler v. State, 55 So.3d 598 (Fla. 1st DCA 2011) (27 cases); Brown v. State, 10 So.3d 1197 (Fla. 1st DCA 2009) (12 cases). Here, it seems to me that the patently frivolous nature of Appellant’s claims weighs in favor of taking action now rather than later.