PER CURIAM.
By a petition to invoke the all writs jurisdiction of this court, petitioner seeks to challenge his judgments and sentences in Escambia County Circuit court case numbers 89-1557, 89-2695 and 89-2273. The petition is denied. See Williams v. State, 913 So.2d 541 (Fla.2005) (stating that the all writs provision of article V, section 3(b)(7), Florida Constitution, does not confer added appellate jurisdiction on the courts, and the court’s all writs power cannot be used as an independent basis of jurisdiction in the courts (citing St. Paul Title Ins. Co. v. Davis, 392 So.2d 1304, 1305 (Fla.1980))).
Due to petitioner’s apparent abuse of the legal process by his repeated pro se filings attacking his convictions and sentences, this court issued an order directing petitioner to show cause why he should not be prohibited from future pro se filings. State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (requiring that courts “first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence.”). Petitioner’s response to the show cause order does not provide a legal basis to prohibit the imposition of sanctions.
Because petitioner’s continued and repeated attacks on his conviction and sentences have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court to challenge the judgments and sentences in Es-cambia County Circuit court case numbers 89-1557, 89-2695 and 89-2273. The Clerk of the Court is directed not to accept any future filings concerning this case unless they are filed by a member in good standing of The Florida Bar. Petitioner is warned that any filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes. See Fla. R.App. P. 9.410.
PADOVANO, ROBERTS, and RAY, JJ., concur.