ORDER IMPOSING SANCTIONS
PER CURIAM.
The issue before this court is whether to impose sanctions against Robert Michael Ardis (“Ardis”), a pro se litigant, for abuse of the legal process. See Fla. R. App. P. 9.410 (providing that courts may impose sanctions for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith). Due to his incessant meritless filings in this court, Ardis was directed to show cause why he should not be barred from future pro se appearances in this court. Ardis filed a response to the order to show cause.
After reviewing Ardis’s response, we conclude that Ardis has failed to set forth a legal basis that would preclude the imposition of sanctions. Ardis has engaged in a pattern of filing voluminous, repetitive and meritless pleadings, motions or other requests for relief in this court. Upon an exhaustive review of Ardis’s numerous filings in this court, we conclude that Ardis has abused the processes of the court. Accordingly, in order to preserve the right of access to the courts for all litigants in this district and to promote the interests of justice, we hereby prohibit Ardis from proceeding pro se in any matter before this court.

Analysis

Courts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court. State v. Spencer, 751 So.2d 47, 47 (Fla.1999). “It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by pro se litigants.” Golden v. Buss, 60 So.3d 461 (Fla. 1st DCA 2011); see Jackson v. Fla. Dep’t of Corr., 790 So.2d 398, 400 (Fla.2001) (noting that the supreme court has inherent power to regulate and sanction a disruptive litigant); McCut-cheon v. State, 44 So.3d 156, 162 (Fla. 4th DCA 2010) (concluding that the litigant’s appeals were frivolous, malicious, and not filed in good faith).
*793 This court does not impose sanctions against pro se litigants lightly. However, a citizen abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims. See Rivera v. State, 728 So.2d 1165, 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216, 1216 (Fla.1995). In the majority of cases where this court has imposed sanctions against a pro se party, the litigant has made frivolous and repeated challenges to the same criminal judgment and sentence.[1] However, this court has also imposed sanctions in cases involving parole revocation,[2] probate actions,[3] civil matters[4] and workers’ compensation claims,[5] where pro se litigants have demonstrated a pattern of filing baseless papers, pleadings and actions in this court.
The petitioner in this case, Robert Michael Ardis, has filed numerous pro se petitions and appeals with regard to several underlying cases pending in the circuit court in and for Escambia County: one case involves an injunction against domestic violence, another concerns Ardis’s termination of employment by Pensacola State College, and another involves a dissolution-of-marriage action. Ardis has not been successful in obtaining relief in any case or petition that he has presented to this court.[6] However, it is not only the volume of cases filed, but Ardis’s excessive and frivolous motion practice in the pending cases which has become a burden on this court.
For example, after the appeal concerning Ardis’s termination from employment from Pensacola State College, case number 1D12-2638, was affirmed without comment in Ardis v. Pensacola State College, 109 So.3d 782 (Fla. 1st DCA 2013) (table), Ardis filed multiple unauthorized motions. This court directed that Ardis not file any further pleadings unless directed to do so, in order for this court to sort out all of his *794 post-opinion filings. When Ardis continued filing motions in violation of this court’s prior order, this court issued a show cause order on sanctions. This court struck several post-opinion filings as a sanction for his excessive and frivolous motion practice in that case and cautioned him against any further motion filings related to that case. Seven months later and after the term of court had ended, Ardis filed an untimely motion to recall mandate. The court issued an opinion imposing sanctions to prohibit Ardis from filing any further pro se filings in that case and in any other case related to his termination from employment at Pensacola State College. See Ardis v. Pensacola State College, 128 So.3d 260 (Fla. 1st DCA 2013).
In the case involving Ardis’s dissolution of marriage, Ardis v. Ardis, case number 1D12-5472, Ardis filed eight successive motions to stay a non-final order on appeal. Each motion for stay was denied, yet Ardis continued to file motions for stay of the same order. Upon the filing of the seventh motion to stay, the court issued a show cause order on sanctions. The order was discharged, but Ardis was warned that sanctions could be imposed if he continued to engage in excessive motion practice. Five days later, Ardis filed an eighth motion for a stay. Another show cause order on sanctions issued, and Ardis was warned that he could be barred from proceeding pro se if he continued to file frivolous motions in that case.
In Ardis v. Ardis, case number 1D13-4489, Ardis filed a pro se petition for writ of habeas corpus to challenge his detention based on a finding of criminal contempt in his dissolution action. Because Ardis was represented by counsel in an appeal from the order on criminal contempt pending in Ardis v. Ardis, case number 1D13-4463, this court dismissed the pro se petition as unauthorized pursuant to Logan v. State, 846 So.2d 472 (Fla.2003) (holding that generally, a criminal defendant has no right to partially represent himself and, at the same time, be partially represented by counsel). In addition, based on Ardis’s unsuccessful requests for relief in multiple cases in this court, his excessive motion practice and his failure to heed prior cautions about his frivolous pro se filings, this court directed Ardis to show cause why he should not be prohibited from future pro se filings. See Spencer, 751 So.2d at 48 (recognizing the potential for abuse of the right to pro se access to the courts, but declaring it is important for courts to first provide notice and an opportunity to respond before issuing sanctions against a litigant). Ardis then filed a motion to disqualify all 15 members of this court based on prior adverse rulings.[7] It is well-established that adverse judicial rulings may not serve as a basis for disqualification. See Jackson v. State, 599 So.2d 103, 107 (Fla.1992); Gilliam v. State, 582 So.2d 610, 611 (Fla.1991); Tafero v. State, 403 So.2d 355, 361 (Fla.1981); Dep’t of Agric. & Consumer Serv. v. Broward County, 810 So.2d 1056 (Fla. 1st DCA 2002). The show cause order on sanctions is pending in that case.
In Ardis v. Ardis, case number 1D13-2177, Ardis sought a writ of prohibition to review an order which denied a motion to disqualify the successor judge in his dissolution action. Ardis had filed multiple motions to disqualify the original trial judge. When the original trial judge granted Ar- *795 dis’s fifth motion to disqualify, a successor judge was appointed. Ardis then filed multiple motions to disqualify the successor judge. The petition was denied on the merits without comment.
In Ardis v. Ardis, case number 1D13-4293, Ardis filed a pro se petition for writ of prohibition in the dissolution action to review an order which denied a motion to disqualify the successor judge.[8] That petition was dismissed for failure to comply with an order of this court.
The petition at issue in this case sought a writ of prohibition to review an order which denied Ardis’s twelfth motion to disqualify the successor judge. In the petition, Ardis repeatedly expresses his hatred for the successor judge[9] and complains that the trial judge has not granted the relief sought by Ardis. The fact that a judge has made prior adverse rulings against a litigant is not a legally sufficient basis to support disqualification. See, e.g., Chamberlain v. State, 881 So.2d 1087 (Fla.2004). Likewise, the fact that a judge may have familiarity with the parties and evidence from earlier proceedings does not warrant disqualification. See K.H. v. State, Dep’t of Health & Rehab. Servs., 527 So.2d 230 (Fla. 1st DCA 1988). Moreover, the fact that a judge has previously heard the evidence and may have formed an opinion based on that evidence generally does not establish a legally sufficient basis for disqualification. See, e.g., Williams v. State, 987 So.2d 1 (Fla.2008).
Normally, whether a motion to disqualify the trial judge is legally suffi-dent requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. See Fla. R. Jud. Admin. 2.330(d)(1); Zuchel v. State, 824 So.2d 1044, 1046 (Fla. 4th DCA 2002). In determining the legal sufficiency of such a motion, the court must also determine if the facts alleged, which must be taken as true, would prompt a reasonably prudent person to fear that he or she could not receive a fair and impartial trial. See Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). However, a successive motion to disqualify a trial judge is evaluated under a higher standard. Florida Rule of Judicial Administration 2.330(g) provides:
If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (d)(1), a successor judge shall not be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may rule on the truth of the facts alleged in support of the motion.
The Florida Supreme Court has held that a “more stringent” standard of review applies when evaluating an order denying a successive motion: “whether the record clearly refutes the successor judge’s decision to deny the motion.” Kokal v. State, 901 So.2d 766, 774 (Fla.2005). The denial of a motion to disqualify a successor judge is reviewed for abuse of discretion, see King v. State, 840 So.2d 1047, 1049 (Fla. *796 2003), and should only be disturbed if “the record clearly refutes the successor judge’s decision to deny the motion.” Pinfield v. State, 710 So.2d 201, 202 (Fla. 5th DCA 1998); see also Quince v. State, 732 So.2d 1059, 1062 (Fla.1999) (“A court’s ruling on a discretionary matter will be sustained unless no reasonable person would take the view adopted by the court.”). Ar-dis’s motion to disqualify the original trial judge having been granted, the denial of Ardis’s motion to disqualify the successor judge is reviewed by the higher standard. Ardis failed to meet that standard and we denied the petition for writ of prohibition on the merits.
Based on Ardis’s unsuccessful requests for relief in multiple cases in this court, his relentless motion practice and his blatant disregard for the previous admonitions from this court concerning his meritless pro se filings, this court directed Ardis to show cause why he should not be prohibited from future pro se filings. In response, Ardis filed a pleading entitled “Motion of Disgust and Similar Sentiments of Loathing” expressing his displeasure with the rulings of this court.[10] The pleading was treated as a motion for rehearing and denied.
Ardis then filed a response to the show cause order; however, the response does not provide a legal basis to prohibit the imposition of sanctions. Based on our review of Ardis’s appearances before this court, we find that the incessant stream of repetitious and meritless filings by Ardis constitutes an abuse of process and impose an unreasonable burden on the limited resources of this court. We conclude that sanctions are appropriate in accordance with Florida Rule of Appellate Procedure 9.410 and this court’s authority to control its docket. See May v. Barthet, 934 So.2d 1184 (Fla.2006); Lee v. Fla. Dep’t of Corr., 873 So.2d 489 (Fla. 1st DCA 2004). Accordingly, we hold that Robert Michael Ardis is barred from proceeding pro se in any case before this court. The Clerk of the Court is directed not to accept any future filings from Ardis unless they are signed by a member in good standing of The Florida Bar. Ardis shall have thirty days from date of this order to secure the services of counsel, who shall file a notice of appearance, in any other active case before this court where Ardis is currently representing himself. If Ardis fails to secure counsel or if no notice of appearance of counsel is filed within thirty days, the Clerk is directed to dismiss the case.
PETITION DENIED; SANCTIONS IMPOSED.
PADOVANO, ROWE and OSTERHAUS, JJ., concur.

. See e.g., Baldwin v. State, 104 So.3d 390 (Fla. 1st DCA 2013); Williams v. State, 102 So.3d 669 (Fla. 1st DCA 2012); Ward v. State, 75 So.3d 348 (Fla. 1st DCA 2011); Obojes v. State, 946 So.2d 602 (Fla. 1st DCA 2006).

. Van Zant v. Fla. Parole Comm'n, 94 So.3d 622 (Fla. 1st DCA 2012).

. Pflaum v. Pflaum, 974 So.2d 579 (Fla. 1st DCA 2008).

. Johnson v. Wilbur, 981 So.2d 479 (Fla. 1st DCA 2008).

. Winford v. Pella Window and Doors, case number 1D13-2847 (September 24, 2013, order imposing sanctions); Glindmeier v. Kaebel Wholesales, case number ID11-5488 (August 7, 2012, order imposing sanctions).

. In case number ID 10-0014, an appeal from an injunction against domestic violence was affirmed. In case number 1D10-0030, an appeal from an injunction against domestic violence was dismissed for failure to file the initial brief. In case number 1D12-2638, an appeal in the employment case was affirmed without comment. In case numbers ID 12-3242, 1D12-4545 and 1D13-2177, petitions for writs of prohibition in the dissolution action were denied. In case number ID 12-4547, an appeal in the dissolution action was voluntarily dismissed after a show cause order on jurisdiction issued. In case numbers . 1D12-4884 and 1D12-4885, appeals in the dissolution action were dismissed by this court for lack of jurisdiction. In case number 1D12-5472, an appeal in the dissolution action was affirmed without comment. In case number ID 12-5473, an appeal in the dissolution action was dismissed when Ardis failed to file a response to a show cause order on jurisdiction. In case numbers 1D13-1167, 1D13-1168 and 1D13-1169, voluntary dismissals were filed in appeals from the dissolution action. In case number 1D13-4293, a petition for writ of prohibition in the dissolution action was dismissed for failure to comply with an order of this court. In case number 1D13-4489, a petition for writ of habeas corpus was dismissed as unauthorized.

. In a motion to recall mandate filed in case number 1D12-5472, the non-final appeal in which Ardis had filed eight motions for stay, Ardis attached a pleading he had filed in the U.S. Court of Appeals for the Eleventh Circuit in which he stated that he had been "incensed” by this court’s show cause order on sanctions in this case and, in response, he filed the motion to disqualify all of the judges of this court.

. In the petition filed in case number ID 13-4293, Ardis expresses contempt for the successor judge, accusing the successor judge of being abusive, spiteful, unethical, vindictive and practicing a "perversion of justice.” Ar-dis also contends that "the office of the state attorney is abusing its authority and being biased toward [Ardis].” Further, Ardis states that he has "made no secret of his disgust and loathing” for counsel for the former wife.

. In the petition filed in this case, Ardis repeatedly expresses that he "hate[s]” the successor judge, and refers to the successor judge as a "jerk,” a “little tyrant,” and a "dishonorable man.”

. In that pleading, Ardis asserts his "disgust and loathing” for this court, refers to this court’s decision in the employment cases as "asinine," expresses his belief that he is being "screwed over,” and states that this court is "cowardly,” "an unethical crock,” and has a "blatant pro se bias.”