# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1678
Lower Tribunal No. 2023-DR-003761-O

_____

JAIME ALEXANDER DAVIDSON,

Appellant,

v.

NAYELI NADIR CHANG-WARNER,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Denise Kim Beamer, Judge.

June 26, 2026

PRATT, J.

Appellant—a pro se filer—has filed an initial brief that cites non-existent legal authorities or cites legal authorities inaccurately in violation of Florida Rule of General Practice and Judicial Administration 2.515(d)(2). Within ten days from the date of this order, Appellant shall show cause why sanctions should not be imposed. Potential sanctions may include a bar on pro se filing in this Court, reprimand, contempt, striking of the document, dismissal of proceedings, costs, attorneys' fees,

or other sanctions. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.515(d)(2); *Hessert v. Hessert*, 431 So. 3d 610 (Fla. 6th DCA 2026).

Rule 2.515(d)(2) was recently amended "effective June 15, 2026, at 12:01 a.m." *In re Amends. to Fla. R. Gen. Prac. & Jud. Admin. 2.515*, 51 Fla. L. Weekly S142, 2026 WL 1487646, at *1 (Fla. May 28, 2026). Although Appellant's initial brief was filed before the amendments to rule 2.515(d)(2) became effective, we see no issue with applying rule 2.515(d)(2) as amended to Appellant's initial brief. That's for several related reasons.

First, rule 2.515(d)(2) as amended now explicitly states what rule 2.515(d)(2) already required—namely, that on filing a document, each signer represents the legal authorities identified exist and are accurately cited. *See, e.g.*, *Hessert*, 431 So. 3d at 613 (decision citing to pre-amendment version of rule 2.515(d)(2) and holding among other things that "Florida's appellate courts, like other courts, require pro se litigants and attorneys to sign their filings and thereby represent the accuracy thereof" (citing Fla. R. App. P. 9.045(d); Fla. R. Gen. Prac. & Jud. Admin. 2.515(d)(2))); *id.* at 614 ("All filers in cases before the Sixth District Court of Appeal should take notice: our Court will remain vigilant to ensure that filings signed by pro se litigants and attorneys alike—including filings prepared with or without the assistance of AI—both: (1) do not cite to non-existent [authorities] and (2) do not cite to [authorities] for inaccurate legal propositions.").

2

Second, rule 2.515(d)(2) as amended now explicitly authorizes what Florida Rule of Appellate Procedure 9.410(a) already allowed—namely, for appellate courts to sanction pro se litigants and attorneys for failing to follow the requirements of rule 2.515(d)(2). *See, e.g.*, *Hessert*, 431 So. 3d at 614 ("Florida's appellate courts have the authority and the duty to maintain the integrity of the proceedings before them, including where appropriate sanctioning pro se litigants and attorneys who fail to follow the Florida Rules of Appellate Procedure and court orders." (citing Fla. R. App. P. 9.410(a); *Ardis v. Ardis*, 130 So. 3d 791, 796 (Fla. 1st DCA 2014))); Fla. R. App. P. 9.045(d) ("All documents filed with the court must be signed as required by Florida Rule of General Practice and Judicial Administration 2.515."); *Hessert*, 431 So. 3d at 615 ("Petitioner is directed to show cause within ten days of the issuance of this opinion why she should not be sanctioned for filing a [document] that contains non-existent [authorities] and that cites to [authorities] for inaccurate legal propositions.").[1]

Third, independent of the existence of rule 2.515(d)(2) specifically and the various Florida rules of court procedure generally, pro se litigants and attorneys have

---

[1] Presumably, the various Florida rules of court procedure applicable to trial court proceedings likewise, in some form or fashion, already allowed trial courts to sanction pro se litigants and attorneys for failing to follow the requirements of rule 2.515(d)(2). In any event, because Florida's trial courts have inherent sanctions authority as explained below, we need not plumb the depths of the sanctions authority available to trial courts pursuant to the various Florida rules of court procedure applicable to trial court proceedings.

always had the duty not to file in Florida's courts—including its appellate courts and trial courts—documents that cite non-existent legal authorities or cite legal authorities inaccurately. *See generally, e.g.*, *Dodd v. Fla. Bar*, 118 So. 2d 17, 19 (Fla. 1960) ("The primary function of trial court proceedings is to find the truth, i.e., the true facts, in disputes between man and his neighbor and man and his government, in order that the applicable law may be applied thereto so as to reach a just conclusion."); *Cal-Maine Foods/Broadspire v. Howard*, 225 So. 3d 898, 904-05 (Fla. 1st DCA 2017) ("Honesty is not a luxury to be invoked at the convenience of a litigant. . . . It should not be incumbent upon litigants to undertake exhaustive investigation to flush out the mendacities of an adversary. The parties have a right to expect that all statements, whether written or oral, are truthful and adequately responsive." (citations and internal quotation marks omitted)); *Jimenez v. Ortega*, 179 So. 3d 483, 489 (Fla. 5th DCA 2015) ("Consequences provide incentive for a party to be truthful at the outset."); *Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th DCA 1998) ("The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way.").

Fourth, Florida's courts—including its appellate courts and trial courts—have always had the inherent authority to maintain the integrity of the proceedings before

4

them, including sanctioning pro se litigants and attorneys for filing documents that cite non-existent legal authorities or cite legal authorities inaccurately. *See generally, e.g.*, *Lussy v. Fourth Dist. Ct. of Appeal*, 828 So. 2d 1026, 1027 (Fla. 2002) ("Abuse of the legal system is a serious matter, one that requires this Court to exercise its inherent authority to prevent."); *Moakley v. Smallwood*, 826 So. 2d 221, 224 (Fla. 2002) ("Clearly, a trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice." (citation omitted)); *Dortley v. State*, 383 So. 3d 545, 547 (Fla. 1st DCA 2024) ("[Florida's appellate courts are] imbued with the inherent power to sanction litigants who abuse the legal system." (citation omitted)); *Tramel v. Bass*, 672 So. 2d 78, 83 (Fla. 1st DCA 1996) ("The inherent powers of a court to perform efficiently its judicial functions, to protect its dignity, independence and integrity necessarily includes the authority to impose appropriate sanctions." (citations, internal quotation marks, and internal ellipsis omitted)).

Lastly, because the explicit requirements and sanctions authority of the amendments to rule 2.515(d)(2) merely clarify what already fell within the scope of the pre-existing requirements of rule 2.515(d)(2), the pre-existing duty of pro se litigants and attorneys to be truthful in their filings to Florida's courts independent of rule 2.515(d)(2), and the pre-existing sanctions authority available to Florida's

5

courts under Florida's various rules of court procedure as well as the inherent sanctions authority of Florida's courts, rule 2.515(d)(2) as amended is not being applied retrospectively. Accordingly, the general rule that "rules of procedure are prospective unless specifically provided otherwise" does not apply to rule 2.515(d)(2) as amended. *Natkow v. Natkow*, 696 So. 2d 315, 317 (Fla. 1997); *see Pearlstein v. King*, 610 So. 2d 445, 446 (Fla. 1992) (applying a new rule to pending cases was "not a true retroactive application" where its application "put[] no extra burden on prior filings and d[id] not diminish the time for complying with the rule"); *cf. Love v. State*, 286 So. 3d 177, 187 (Fla. 2019) (acknowledging that a statute may be applied retrospectively to pending cases where it "attaches [no] new legal consequences to events completed before its enactment" (citation omitted)).[2]

To sum up: even though Appellant filed his document before the amendments to rule 2.515(d)(2) became effective, we nevertheless may apply rule 2.515(d)(2) as amended to his document because the requirements and sanctions authority of the amended rule are consistent with those that pre-existed the amended rule. We further

---

[2] This opinion does not purport to address all of the sources or types of sanctions authority available to Florida's appellate courts and Florida's trial courts. *Cf. In re Amends. to Fla. R. Gen. Prac. & Jud. Admin. 2.515*, 2026 WL 1487646, at *2 (court commentary to the 2026 amendment stating in relevant part: "By including an express sanctions provision in amended subdivision (d)(2), the Court does not intend to change or comment on (by negative implication or otherwise) courts' existing authority to impose sanctions for noncompliance with these rules generally.").

acknowledge that Florida's trial courts may also apply rule 2.515(d)(2) as amended to documents that were filed in the trial courts before the amended rule became effective.

ORDER TO SHOW CAUSE ISSUED.

TRAVER, C.J., and GANNAM, J., concur.


Jaime Alexander Davidson, Orlando, pro se.

No Appearance by Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED